STATE of South Dakota, DIVISION OF HUMAN RIGHTS, ex rel., Lyla P. MILLER, Complainant and Appellant,

v.

Floyd MILLER, d/b/a Huebl Funeral Chapel, Respondent and Appellee.

No. 14305.

Supreme Court of South Dakota.

Considered on Briefs March 22, 1984.

Decided May 16, 1984.

Rehearing Denied June 19, 1984.

provisions of many life insurance or liability policies.

Thomas M. Tobin of Maynes, Tonner, Maynes & Tobin, Aberdeen, for complainant and appellant.

Carlyle E. Richards, P.C. of Ronayne & Richards, Aberdeen, for respondent and appellee.

FOSHEIM, Chief Justice.

The State of South Dakota, Division of Human Rights, ex rel. Lyla P. Miller (Complainant), appeals the circuit court reversal of a human rights commission determination that Complainant had been terminated from her employment in retaliation for a sex discrimination complaint she had earlier made to the commission. We reverse.

Complainant is a licensed funeral director and embalmer. She began work with Miller-Huebl Funeral Home in Aberdeen on June 16, 1976. Her employer, Floyd Miller, refused to permit her to participate in various funeral home duties which he reserved for male employees. Such duties included home removal of bodies, parking cars during funerals, guiding the casket down the aisle during funerals and making funeral arrangements with the families. He mentioned to other employees that as long as he ran the place, no woman would perform these tasks. On January 16, 1978, Complainant filed a discrimination complaint with the human rights commission.

On March 31, 1978, Floyd Miller was orally informed by a human rights division investigator that he was writing an opinion finding probable cause regarding the discrimination complaint. On that same day, Complainant was summarily terminated with two weeks severance pay. She then filed a second complaint with the human rights commission, charging that she had been terminated from her employment in retaliation for filing the first complaint.

The commission entered judgment for Complainant on both grievances.

Upon appeal, the circuit court granted Floyd Miller's request to produce additional evidence which indicated the termination was motivated by economic reasons resulting from decreasing net profits.[1] It then remanded the matter to the human rights commission for consideration of the additional evidence. The commission affirmed its earlier decision and the matter was returned to circuit court. The circuit court affirmed the discrimination determination, but reversed on the issue of retaliatory discharge. It held the dismissal was nonretaliatory due to the evidence of economic necessity and because, in determining which employee to terminate, the funeral home assessed the experience and education of the various employees.

Complainant first claims the circuit court erred in permitting the funeral home to submit additional testimony. SDCL 1–26–34 grants the court that power:

> If, before the date set for hearing, application is made to the court for leave to present additional evidence, that it is shown to the satisfaction of the court that the additional evidence is material and that there were good reasons for failure to present it in the proceeding before the agency, the court may order that the additional evidence be taken before the agency upon conditions determined by the court. The agency may modify its findings and decision by reason of the additional evidence and shall file that evidence and any modifications, new findings, or decisions with the reviewing court.

Complainant feels the motion for additional evidence should not have been granted because the funeral home waited seven months after filing notice of appeal to circuit court before requesting permission to introduce additional evidence. We disagree. The statute places no time limit on the application for additional evidence oth-

---

1. In granting leave to introduce additional evidence pursuant to SDCL 1–26–34 the circuit court did not order the additional evidence to be taken before the agency. Instead the evidence was received in circuit court. Neither party, however, urges the procedural error.

er than that it be made "before the date set for hearing." This requirement was met.

Complainant further argues there were no "good reasons" presented for failure to produce the evidence in the administrative proceeding. The circuit court recognized several plausible reasons. The circumstances of the hearing were such as to discourage full introduction of evidence. The commission insisted on holding the hearing on a Saturday between 8:00 a.m. and 6:00 p.m. in an attempt to complete it in one day. During this time Floyd Miller had to plan and conduct a funeral and was consequently excused from the hearing. Additionally, the proceedings took place in a motel room, which was not conducive to a judicial atmosphere because of various distractions.

■ The authority to order the taking of additional evidence under SDCL 1–26–34 is discretionary. The supplemental evidence taken was material. No clear abuse of discretion emerges. *Cf. Matter of Gridley,* 345 N.W.2d 860 (S.D.1984).

Complainant contends the circuit court erred in reversing the human rights commission finding of retaliatory termination. The court relied on authority which holds that to sustain a retaliatory discharge complaint a complainant must establish a prima facie case showing: (1) statutorily-protected conduct by the employee; (2) adverse employment action by the employer; and (3) a causal connection between the two. *Womack v. Munson,* 619 F.2d 1292 (8th Cir.1980), *cert. denied,* 450 U.S. 979, 101 S.Ct. 1513, 67 L.Ed.2d 814 (1981). The circuit court determined that Complainant established a prima facie case, which then shifted the burden of producing evidence to the employer to show some legitimate, nondiscriminatory reason for the discharge. *Id.* The circuit court concluded the funeral home satisfied its burden with evidence demonstrating the termination was motivated by economic reasons.

Before considering the correctness of the circuit court judgment, we must define our own scope of review. Prior to the effective date of amended SDCL 1–26–37, this court reviewed the decision of an administrative agency in the same manner as the circuit court, unaided by any presumption that the circuit court was correct. *Matter of Ackerson, Karlen & Schmitt,* 335 N.W.2d 342 (S.D.1983); *Deuter v. South Dakota Highway Patrol,* 330 N.W.2d 533 (S.D.1983); *In re South Lincoln Rural Water Sys.,* 295 N.W.2d 743 (S.D.1980).

On July 1, 1983, the following addition to SDCL 1–26–37 became effective: "The Supreme Court shall give the same deference to the findings of fact, conclusions of law and final judgment of the circuit court as it does to other appeals from the circuit court. Such appeal may not be considered de novo." Considered in isolation, the amendment appears to address our action alone and thus might be deemed to control our review after the effective date of the amendment even though the judgment appealed from occurred prior to the amendment. This conclusion, however, would overlook the dependence of SDCL 1–26–37, as amended, on the simultaneous amendment to SDCL 1–26–36, which concerns the circuit court's review of administrative decisions.

■ Before amendment, SDCL 1–26–36 provided: "A court *need not* enter its own findings of fact and conclusions of law *but may affirm, modify or reverse* the findings and conclusions entered by the agency as part of its judgment" (emphasis added). The 1983 amendment reads: "A court *shall* enter its own findings of fact and conclusions of law *or may affirm* the findings and conclusions entered by the agency as part of its judgment" (emphasis added). SDCL 1–26–36, as amended, now requires the circuit court to enter its own findings and conclusions if it modifies or reverses the agency. That was not previously required. The change was obviously intended to accommodate the supreme court's new standard of review under SDCL 1–26–37. The legislature has assured that there will always be findings and conclusions to which the supreme court can give the deference now required by SDCL 1–26–37.

Deeming ourselves bound to review this case according to the standard enacted in amended SDCL 1–26–37 due to our review after July 1, 1983, would require an impossibility in this instance. Under the new law we must affirm unless we determine the circuit court findings to have been clearly erroneous. Here, however, the circuit court properly made no formal findings when it reversed under pre-amendment SDCL 1–26–36. We are therefore unable to give this circuit court decision the deference now demanded by SDCL 1–26–37. Because SDCL 1–26–36 and SDCL 1–26–37 are so intertwined, we conclude that we must review the instant circuit court action according to pre-amendment law. This rationale puts us in the same posture as we were when we concluded that we must make the same review of the administrative tribunal's action as did the circuit court. *South Dakota Public Utilities Comm. v. Ottertail Power Co.,* 291 N.W.2d 291 (S.D.1980).[2]

Upon review under this standard, we feel that the circuit court incorrectly reversed on the retaliation issue. The commission's determination was not clearly erroneous.[3]

The evidence revealed that the funeral home had gross sales of $171,647.85 in 1976 and $191,814.30 in 1977. There were 183 funerals in 1976, 189 in 1977 and 107 in the first months of 1978 for an annual rate of 214. Nevertheless the net profit for the funeral business in 1976 was $51,594.17. In 1977, it had dropped to $37,449.08. The decrease in net profit, however, must be analyzed in the light of Floyd Miller's testimony that in 1977 he was in the process of building a new facility in Aberdeen, South Dakota, and expensed off several items of the construction that lowered his net profit for that year. This continued into 1978. He also conceded that several other expenses were charged against the business which lowered net profit and directly benefited only him and his wife personally. Actually the volume of funerals increased each year in 1976, 1977 and 1978. Net profits seemed to parallel that increase until the charging of personal expenses to business income began. This record diminishes the claimed adverse economic motive for discharging Lyla P. Miller. Absent, or discounting, the economic argument, Floyd Miller's summary discharge of Complainant on the very day he learned her complaint of sex discrimination was likely to prevail seems retaliatory. Only economic reasons were advanced by the employer. It leaves no other fair inference of motive.

Mindful of the applicable standard of review, we conclude that the decision of the human rights commission in favor of Lyla P. Miller must stand. Although there was evidence of an economic change on the part of the employer, we cannot say that the commission clearly erred in discounting that evidence in reaching its conclusion of retaliatory discharge. There is sufficient evidence to support the commission's findings and we will therefore not disturb them.

The circuit court judgment is reversed.

All the Justices concur.

---

**2.** Even if we apply SDCL 1–26–37 as amended, the required deference to the circuit court nevertheless appears not to have changed. As amended, we decide whether the circuit court was clearly erroneous in determining that the agency was clearly erroneous. This reverts us to the agency record. If after review of the evidence we deem the agency findings clearly erroneous, we affirm the circuit court. If the agency findings are not clearly erroneous, then the circuit court was clearly erroneous in so concluding. It follows that, in the final analysis, we still review essentially as did the circuit court.

**3.** The circuit court erroneously proceeded under the assumption that the standard of review of an agency decision is whether there is "substantial evidence" to be found in the record as a whole, citing *Lindsey v. Minnehaha County,* 281 N.W.2d 808 (S.D.1979). That standard of review was changed by the 1978 legislature to "clearly erroneous in light of the entire evidence in the record." SDCL 1–26–36(5).