Christopher VUKOVICH,
Plaintiff–Appellant,

v.

The CIVIL SERVICE COMMISSION OF the CITY AND COUNTY OF DENVER, and Edward Sullivan, Roger Cisneros, Deborah Wagner and Jane Woodhouse, in their official capacity as Commissioners of the Civil Service Commission of the City and County of Denver, Manuel L. Martinez, Manager of Safety, and Aristedes Zavares, Chief of Police, and The City and County of Denver, a municipal corporation, Defendants–Appellees.

No. 91CA0601.

Colorado Court of Appeals,
Div. III.

May 21, 1992.

Solomon & Lindquist–Kleissler, Carmen S. Danielson, Denver, for plaintiff-appellant.

Daniel E. Muse, City Atty., Geoffrey S. Wasson, Asst. City Atty., Denver, for defendants-appellees.

Opinion by Chief Judge STERNBERG.

In this C.R.C.P. 106 action, the plaintiff, Christopher Vukovich, a Denver police officer, challenges an order of the Denver Civil Service Commission that reversed an order of a hearing officer and terminated the plaintiff's employment. The district court affirmed the Commission's order, and we affirm the judgment of the district court.

Plaintiff was involved in an altercation with a citizen in which he struck the citizen in the face with his police baton, knocking out several of his teeth. Although plaintiff alleged he was acting in self-defense, the police chief charged him with use of excessive force and "willfully departing from the truth," and he was terminated upon the recommendations of the chief and the manager of safety.

After an administrative hearing on the termination, a hearing officer found that the citizen was passing by the scene of a disturbance on the opposite side of the street, that the police officer made contact with him there, that he struck the citizen with considerable force at least twice in the face, knocking out several teeth, that the citizen did not pose a threat of physical harm to the police officer, and that the officer's force was excessive. Additionally, he found that the officer departed from the truth in claiming that he was acting in self defense. The hearing officer, thus, sustained both charges against the police officer, but he nevertheless ordered that the plaintiff's termination be modified to a one-year suspension without pay.

The hearing officer's decision was based on his review of disciplinary actions involving other policemen which resulted in dismissal, as well as disciplinary actions for departure from the truth and excessive force. He concluded that, in light of the discipline imposed in these cases, dismissal of the plaintiff was too severe.

The city appealed the hearing officer's decision to modify the discipline, contending that the decision impaired the police chief's ability to maintain administrative control of the department. The Commission agreed and reinstated the plaintiff's dismissal, and the district court affirmed.

The plaintiff contends that, under the Denver City Charter, the Commission functions as an appellate body with authority to overturn factual findings of a hearing officer only in cases in which there is not competent evidence in the record to support the findings. He also argues that the Commission erred in concluding that the hearing officer's decision involved policy considerations that might have an effect beyond the case at hand.

### I.

We consider first whether the Commission exceeded its authority by reversing the hearing officer.

Prior to 1987, in police department disciplinary actions, the Commission made all findings of facts and conclusions of law and imposed discipline accordingly. However, pursuant to the city charter's amendment in 1987, the Commission is now required to appoint a hearing officer to hear evidence and make written findings affirming, reversing, or modifying the disciplinary action imposed by the department. Denver City Charter C5.73–2(3) through (5).

Furthermore, Denver City Charter C5.73–2(7) now provides that if the hearing officer's decision is appealed to the Commission, it shall:

Rely only upon the evidence presented to the hearing officer except when the appeal is based on new and material evidence. All factual findings by the hear-

ing officer shall be binding on the commission, and the commission may not resolve disputed issues of fact. Review by the commission shall be limited to the following grounds:

(a) new and material evidence is available that was not available when the appeal was heard by the hearing officer,

(b) the decision of the hearing officer involves an erroneous interpretation of departmental or civil service rules,

(c) the decision of the hearing officer involves policy considerations that may have effect beyond the case at hand, or

(d) the discipline affirmed or imposed by the hearing officer is inconsistent with discipline received by other members of the department under similar circumstances.

The plaintiff argues that the hearing officer's finding that dismissal constituted inconsistent discipline was a finding of fact and that because it was supported by competent evidence in the record, the Commission lacked authority to reverse his decision. We disagree.

Although the factual findings of the hearing officer are binding on the Commission, both the General Assembly and our courts have recognized a distinction between evidentiary and ultimate facts in defining the scope of judicial review with respect to other agency action. *See e.g.,* § 24–4–105(15)(b), C.R.S. (1988 Repl.Vol. 10A). We see no reason not to apply that distinction in this C.R.C.P. 106 review.

Findings of evidentiary facts involve raw historical data underlying the controversy; findings of ultimate facts are conclusions of law or mixed questions of law and fact which settle the rights and liabilities of the parties. *Blaine v. Moffat County School District RE No. 1,* 748 P.2d 1280 (Colo. 1988).

■ A reviewing body may not set aside an administrative agency's findings of evidentiary facts if they are supported by competent evidence in the record; however, an administrative agency in a review proceeding is not bound by the hearing officer's findings of ultimate facts or conclusions of law. *Blaine v. Moffat County School District RE No. 1, supra.*

■ Here, the hearing officer found, as a matter of evidentiary fact, that there were no prior cases in which dismissal was imposed on a police officer for violations of rules concerning excessive force or departing from the truth. He then concluded, as a matter of ultimate fact, that under the circumstances of the plaintiff's case, such discipline was excessive.

The Commission accepted the hearing officer's evidentiary findings, but it rejected his conclusion that comparative discipline principles required modification of the plaintiff's termination. Rather, the Commission concluded that there were sufficient differences between the cases upon which the hearing officer relied and the plaintiff's case to justify the discipline imposed by the department.

We hold that, under the terms of the city charter, the Commission, functioning as an appellate body, had authority to reverse the hearing officer's determination of ultimate fact.

■ Additionally, we hold that there was competent evidence in the record to support the Commission's conclusion that dismissal was warranted. The Commission noted that there were prior instances of abusive behavior by the defendant and that the altercation resulting in his dismissal involved a potentially fatal assault with a deadly weapon. These findings are supported by competent evidence in the record; consequently, we hold that the Commission did not abuse its discretion in reversing the hearing officer's decision. *Van Sickle v. Boyes,* 797 P.2d 1267 (Colo.1990).

Because of our holding, it is unnecessary to discuss the defendant's contention that the Commission erred in concluding that the hearing officer's decision involved policy considerations having an effect beyond this case.

The judgment is affirmed.

REED and MARQUEZ, JJ., concur.