In the Matter of the Grievance of Trudy
SCHROEDER, Appellant,

v.

DEPARTMENT OF SOCIAL
SERVICES, Appellee.

No. 18517.

Supreme Court of South Dakota.

Considered on Briefs Sept. 12, 1994.

Decided April 5, 1995.

Thomas P. Tonner of Tonner, Tobin &
King, Aberdeen, for appellant.

Mark Barnett, Atty. Gen., James E. Car-
lon of Carlon Law Office, Pierre, for appel-
lee.

AMUNDSON, Justice.

Trudy Schroeder (Schroeder) appeals the decision of the circuit court, which reversed the Career Service Commission's (Commission) order reinstating Schroeder to her former position with the South Dakota Department of Social Services (DSS). We remand for further proceedings consistent with this opinion.

## FACTS

Schroeder was employed by DSS for fourteen years; first as a social worker, then a line supervisor and, finally, a district program supervisor. During most of her career with DSS, Schroeder displayed exemplary work performance. However, in 1991, problems arose.

Schroeder assumed a new position as District Program Supervisor (DPS) in 1991. Thereafter, her superiors became concerned about her management style and inability to get along with her co-supervisor. Based on these problems, Schroeder was given an unsatisfactory performance rating in two written evaluations. She was put on a formal work improvement plan on April 20, 1992. This plan contained detailed steps of how Schroeder could improve her performance. On July 16, 1992, DSS contended Schroeder failed to meet plan requirements resulting in her termination.

Schroeder appealed her termination to the Commission. Commission, an administrative board of appeals, is granted authority to adjudicate disputes between state employees and agencies.[1] After hearing two days of testimony from over twenty-five witnesses, Commission entered detailed findings of fact and conclusions of law. Incorporated in its findings, Commission determined that Schroeder had difficulty adapting to the management role required of a DPS and was unable to develop a good working relationship with her co-supervisor. Commission noted Schroeder's unsatisfactory work performance rating and noncompliance with a work improvement plan. Furthermore, Schroeder was found to have acted inappropriately by involving co-workers in her employment controversy.

Commission agreed with DSS that Schroeder's work performance was unsatisfactory. However, Commission could not find that Schroeder's misdeeds constituted "just cause" for termination. It held that DSS had not carried its burden of proving that Schroeder had "violated any department, division, bureau or institution regulation, policy, or order or failed to obey any oral or written directions given by a supervisor or other person in authority." Commission further stated that while Schroeder's actions "were not always professional or appropriate, they did not amount to insubordination nor were they disruptive of the morale and efficiency of the department." Consequently, Commission reversed DSS' decision to terminate Schroeder and reinstated her without back pay or benefits.[2]

DSS appealed Commission's reinstatement order to the circuit court which reversed

---

1. SDCL 3–6A–37 provides:

> The career services commission shall have the power and it shall be its duty to act as grievance review board for career service employees as set out in § 3–6A–38.

SDCL 3–6A–38 provides:

> If a grievance remains unresolved after exhaustion of a departmental grievance procedure an employee may demand a hearing before the career service commission as provided for in contested cases in chapter 1–26 and proceedings shall be held as provided therein. The career service commission shall provide notice of the hearing within thirty calendar days of an employee's request for a hearing and the commission shall conduct a hearing within thirty calendar days of the notice of the hearing unless the hearing is continued for good cause. The commissioner shall schedule the hearing to ensure compliance with the time frames provided in this section. If the grievant agrees, the commissioner may appoint a hearing examiner as authorized in § 1–26–18.1.

> Any final action or decision may be appealed pursuant to chapter 1–26.

2. SDCL 3–6A–38.1 provides:

> In resolving grievances involving the discipline of an employee, the career service commission shall determine and decide whether the action was made for good cause. If the commission finds that the action was made for good cause, it shall enter an order upholding the decision of the appointing authority disciplining the employee. If, however, the commission finds that the action was made without good cause, it shall enter an order reversing the decision of the appointing authority.

Commission's decision. The circuit court held "just cause" existed for termination under Administrative Rules 55:01:12:05(4)(6) and (7). The court further held Commission clearly erred in finding that Schroeder was not insubordinate. Schroeder appeals.

## ISSUES

I. WERE COMMISSION'S FINDINGS UPHOLDING SCHROEDER'S UNSATISFACTORY WORK PERFORMANCE CLEARLY ERRONEOUS IN LIGHT OF THE ENTIRE RECORD AND ITS CONCLUSION THAT SCHROEDER'S WORK PERFORMANCE WAS UNSATISFACTORY AND ERROR AS A MATTER OF LAW?

II. WERE COMMISSION'S FINDINGS THAT SCHROEDER FAILED TO COMPLETE THE WORK–IMPROVEMENT PLAN CLEARLY ERRONEOUS IN LIGHT OF THE ENTIRE RECORD AND AN ABUSE OF ITS DISCRETION?

III. WERE COMMISSION'S FINDINGS CLEARLY ERRONEOUS THAT SCHROEDER DID NOT DISOBEY ANY WRITTEN OR ORAL DIRECTION GIVEN BY A SUPERVISOR NOR DID HER CONDUCT CONSTITUTE INSUBORDINATION OR DISRUPT THE EFFICIENCY OR MORALE OF THE DEPARTMENT?

IV. WAS COMMISSION'S DECISION TO REINSTATE SCHROEDER SUPPORTED BY THE FINDINGS AND THEREFORE A VALID EXERCISE OF ITS DISCRETION?

V. DID DSS' DISCIPLINE DENY SCHROEDER DUE PROCESS OF LAW WHEN IT TERMINATED HER FOR INVOLVING SUBORDINATES IN HER EVALUATION CONTROVERSY AND CONDUCTING A SURVEY TO SUPPORT HER POSITION?

VI. DID THE CIRCUIT COURT ERR WHEN IT FAILED TO ENTER FINDINGS OF FACT AND CONCLUSIONS OF LAW?

## DECISION

■ South Dakota's administrative procedure requires that before the Supreme Court may perform a meaningful appellate review of the lower court's decision, findings of fact and conclusions of law must be entered. SDCL 1–26–37 provides:

An aggrieved party or the agency may obtain a review of any final judgment of the circuit court under this chapter by appeal to the Supreme Court. The appeal shall be taken as in other civil cases. The Supreme Court shall give the same deference to the findings of fact, conclusions of law and final judgment of the circuit court as it does to other appeals from the circuit court. Such appeal may not be considered de novo.

SDCL 1–26–36 additionally states: "A court *shall* enter its own findings of fact and conclusions of law *or* may affirm the findings and conclusions entered by the agency as part of its judgment." (Emphasis added.) Since the circuit court reversed Commission's findings and conclusions, the plain language of SDCL 1–26–36 requires the court to enter separate findings of fact and conclusions of law specifying where and why Commission's decision was in error.

This court, in *State, Div. of Human Rights v. Miller*, 349 N.W.2d 42 (S.D.1984), interpreted these companion statutes and held that SDCL 1–26–36 *"requires* the circuit court to enter its own findings and conclusions if it modifies or reverses the agency." *Id.* at 45 (emphasis added). The *Miller* court based its decision on the legislature's revisions of SDCL 1–26–36 enacted to "accommodate the Supreme Court's new standard of review under SDCL 1–26–37." *Id.* "The legislature has assured that there will always be findings and conclusions to which the Supreme Court can give the deference now required by SDCL 1–26–37." *Id.*

■ DSS admits in its brief that *Miller* requires specific findings, and argues the circuit court's decision and order is a valid substitute. We do not agree. The court's

decision contains unspecific, conclusory language without citing to any portion of a voluminous record as a basis for that decision. Such generalizations are inappropriate to conduct meaningful appellate review.[3]

"Insubordination" is not defined under the South Dakota Administrative Rules, Title 55. The dictionary definition of "insubordinate" includes, "unwilling to submit to authority ... [and] not holding a lower or inferior position[.]" Webster's Third New International Dictionary, 1172 (1976). Commission, acting as trier of fact, had the opportunity to observe the witnesses' testimony and to determine their credibility. "The trier of fact is permitted to determine the questions of fact and to choose one opinion over that of another when that opinion is properly supported by the evidence." *Erickson v. Minnesota Gas Co.,* 358 N.W.2d 526, 529 (S.D.1984).

■ Commission listened to testimony from over twenty-five witnesses, then entered complete findings supporting its decision that Schroeder was "not guilty of insubordination."[4] We have held that if there is evidence to support an agency's determination, reviewing courts will not seek reasons for reversal. *Oberle v. City of Aberdeen,* 470 N.W.2d 238 (S.D.1991); *Kienast v. Sioux Valley Co–Op,* 371 N.W.2d 337 (S.D.1985).

■ Therefore, circuit courts, acting as a reviewing court for administrative decisions, must clearly articulate findings of fact and conclusions of law to support their decisions. *Id.* Without entering findings of fact and conclusions of law, this court cannot decipher why the circuit court reversed the trier of fact in this case. Therefore, we remand for the entry of specific findings of fact and conclusions of law providing reasons for reversing Commission's decision.

Remanded.

SABERS and KONENKAMP, JJ., concur.

MILLER, C.J., and WUEST, Retired Justice, dissent.

MILLER, Chief Justice (dissenting).

I dissent.

Contrary to the majority's contention, the absence of findings of fact and conclusions of law from the trial court does not prevent meaningful review of this case. *State, Div. of Human Rights v. Miller,* 349 N.W.2d 42 (S.D.1984), cited with approval by the majority, indicates that our review should focus on the agency's record rather than the findings and conclusions of the trial court. If the circuit court has reversed the agency's decision, and "[i]f after review of the evidence we deem the agency findings clearly erroneous, we affirm the circuit court. If the agency findings are not clearly erroneous, then the circuit court was clearly erroneous in so concluding." *Id.* at 46 n. 2.

3. The dissent cites to *Kienast v. Sioux Valley Co–Op,* 371 N.W.2d 337 (1985), to support its position that circuit court findings of fact and conclusions of law are unnecessary for this court to review administrative decisions. Although the trial court reversed the Secretary of Labor's decision in that case, the record reveals that the trial court entered its own specific findings. Those findings set forth the trial court's rationale for holding the agency's findings clearly erroneous. After de novo review of both the trial court and agency's determinations, this court held the circuit court's findings were clearly erroneous. "We reverse the circuit court's determination. The circuit court's decision was clearly erroneous in finding that the agency's findings were clearly erroneous." *Id.* at 340.

Therefore, it certainly seems incumbent, when reviewing a trial court's reversal of an administrative decision, that we be presented with specific findings of fact and conclusions of law from

the trial court as to the reason for the reversal. Only then can we undergo meaningful review of both decisions. If we adopt the dissent's argument when reversing an agency, SDCL 1–26–36 which "requires" the circuit court to enter its own findings, will be rendered meaningless. Upon review of the reversal, we must require findings by trial courts, or else their need as intermediate courts for these types of appeals is questionable.

4. The trial court did not hear the live testimony of these numerous witnesses, since the appeal was considered on briefs and argument of counsel. Credibility is a decision to be made by the trier of fact. *Eide v. Oldham–Ramona School Dist. No. 39–5,* 516 N.W.2d 322 (S.D.1994); *Dept. of Social Serv. v. McCarty,* 506 N.W.2d 144 (S.D.1993); *Sander v. The Geib, Elston, Frost Pro. Ass'n,* 506 N.W.2d 107 (S.D.1993); *Century 21 Associated Realty v. Hoffman,* 503 N.W.2d 861 (S.D.1993).

Cases in the wake of *Miller* have also emphasized our review of the agency's record and decision rather than the trial court's findings and conclusions. In *Kienast v. Sioux Valley Co-op.*, 371 N.W.2d 337 (S.D. 1985), we offered a detailed explanation of our standard of review regarding agency decisions:

"Prior to the amendment of SDCL 1–26–37, this court reviewed the record of an administrative agency in the same manner as the circuit court, guided by SDCL 1–26–36 and not bound by any presumption that the circuit court was correct. We would uphold a ruling or decision of an administrative agency unless we found that in light of the entire record the decision was clearly erroneous or we were left with a firm and definite conviction that a mistake was made. *Matter of Ackerson, Karlen & Schmitt*, 335 N.W.2d 342 (S.D.1983); *Deuter v. South Dakota Highway Patrol*, 330 N.W.2d 533 (S.D.1983).

On July 1, 1983, the following addition to SDCL 1–26–37 became effective: 'The Supreme Court shall give the same deference to the findings of fact, conclusions of law and final judgment of the circuit court as it does to other appeals from the circuit court. Such appeal may not be considered de novo.' In the recent decision of State v. Miller, 349 N.W.2d 42 (S.D.1984), we decided that despite the new language in the statute, this court still reviews the administrative decision essentially in the same manner as did the circuit court; the required deference to the circuit court has not changed."

... Thus, *our review is of the decision of the administrative agency* and our standard is the clearly erroneous standard.

*Kienast*, 371 N.W.2d at 339 (quoting *Matter of South Dakota Water Management Bd.*, 351 N.W.2d 119, 122 (S.D.1984)) (emphasis supplied).

Similarly, in *Eide v. Oldham–Ramona Sch. Dist. No. 39–5*, 516 N.W.2d 322 (S.D.1994), we wrote:

When an administrative agency's decision is appealed to circuit court and the final judgment of that court is appealed to this Court, we make the same review made by the circuit court.... If the issue is one of fact, *the findings of the agency must be clearly erroneous to be reversed. Conclusions of law are open to full review. ... Such review is made without any presumption that the circuit court's decision is correct.*

*Id.* at 324 (citations omitted) (emphasis added).

Because our review focuses on the record, findings, and conclusions of the agency, and we afford no deference to the decision of the trial court, it is unnecessary to remand this case for specific findings and conclusions by the trial court. This Court is capable of making a meaningful review based on the record before it.

I am authorized to state that WUEST, Retired Justice, joins in this dissent.