2001 SD 74

**Jackie. SCHLUMBOHM, Grievant and Appellee,**

v.

**CITY OF SIOUX FALLS, Respondent and Appellant.**

**Nos. 21626, 21647.**

Supreme Court of South Dakota.

Argued April 26, 2001.

Decided June 13, 2001.

Thomas K. Wilka of Hagen, Wilka & Archer, P.C., Sioux Falls, SD, Attorneys for grievant and appellee.

R. Shawn Tornow, Chief Assistant City Attorney, Sioux Falls, SD, Attorney for respondent and appellant.

SABERS, Justice

[¶ 1.] Sioux Falls Police Officer Jackie Schlumbohm was terminated for conduct unbecoming an officer, committing a criminal act and wantonly offensive conduct, for events related to her operation of a motor vehicle while under the influence of alcohol. The Civil Service Board (Board) found just cause for discipline but reduced the termination to a suspension. City appeals contending the Board abused its discretion. We affirm.

## FACTS

[¶ 2.] Schlumbohm was employed as a police officer with the City of Sioux Falls (City). Days after completing her one-year probationary period, Schlumbohm was involved in a serious one-car accident. Schlumbohm had been at a Sioux Falls bar where she claimed she consumed between three and four mixed drinks. After spending a few hours at the bar Schlumbohm left in her personal vehicle.

[¶ 3.] Traveling northbound on I–229, Schlumbohm was driving well in excess of the posted speed limit. Additionally, she was swerving in and out of traffic while cutting off and passing vehicles traveling within the speed limit. Eyewitness estimates placed her speed around ninety miles per hour. There was also disputed testimony that Schlumbohm made an obscene gesture to an occupant of a vehicle she passed.

[¶ 4.] While attempting to exit the freeway, Schlumbohm lost control of her vehicle, hit a sign, swerved into the ditch, swerved back toward the road and finally rolled her car into the opposite ditch. Schlumbohm was transported to the hospital where a blood test revealed her blood alcohol content to be .154 percent, well over the legal limit of .10 percent. Schlumbohm pled guilty to driving under the influence.

[¶ 5.] The City terminated Schlumbohm for conduct unbecoming an officer, committing a criminal act and wantonly offensive conduct to the public. Schlumbohm appealed that decision to the Board arguing the termination was not warranted and that the discipline was more severe than other prior disciplinary actions. The Board found that the City had just cause for disciplining Schlumbohm. However, the Board reduced her disciplinary sanction from a termination to six-month suspension without pay and another six-month suspension unless accompanied by another officer while performing her duties.

[¶ 6.] The circuit court affirmed the Board's decision. City appeals raising the following issues:

1. Whether the circuit court erred in failing to find the Board abused its discretion by finding just cause for disciplinary action, but ordering that the termination be reduced to a suspension.

2. Whether the Board committed error by admitting and considering evidence regarding prior unrelated disciplinary actions.

3. Whether the circuit court erred in ruling that the City failed to preserve for appeal its argument that Board improperly ordered reinstatement to a position that did not exist.

By notice of review, Schlumbohm raises one issue:

1. Whether the facts, as found by the Board, are sufficient to constitute conduct unbecoming an officer.

## STANDARD OF REVIEW

[¶ 7.] We review the Civil Service Board's decision under the Administrative Procedures Act, SDCL ch. 1–26. Fact-findings will be overturned only if they are "clearly erroneous in light of all the evidence." *Sopko v. C & R Transfer Co., Inc.*, 1998 SD 8, ¶ 6, 575 N.W.2d 225, 228. Questions of law are reviewed de novo. *Id.*

[¶ 8.] **1. WHETHER THE CIRCUIT COURT ERRED IN FAILING TO FIND THE BOARD ABUSED ITS DISCRETION BY FINDING JUST CAUSE FOR DISCIPLINARY ACTION, BUT ORDERING THAT THE TERMINATION BE REDUCED TO A SUSPENSION.**

[¶ 9.] City maintains that the Board acted arbitrarily and failed to conform to Ordinance 30–50 and exceeded its discretionary powers contrary to SDCL 1–26–36(2) and (6). The assertion of error is that the Board failed to enter specific findings of fact to support a reduction in the discipline Schlumbohm received and, therefore, acted improperly when it rejected the discipline imposed by the chief of police.

[¶ 10.] SDCL 9–14–14 is the source of authority for the Board. That statute provides in relevant part:

Any municipality may adopt an ordinance establishing a civil service system

for its municipal employees, policemen and firemen, and providing for the appointment of a civil service board, prescribing its powers, duties and compensation, and providing for the suspension or removal of any employee, policeman or fireman for cause, subject to review and affirmance, reversal or modification of such action by the civil service board at a hearing.

[¶ 11.] The City has adopted ordinances establishing and enumerating the powers of the Board. The two ordinances relevant here are 30–49 and 30–50. Ordinance 30–49 entitles the Board to investigate "the determination of the question of whether such removal, ... was or was not made for race, color, creed, disability, or political or religious reasons *and was or was not made in good faith for cause.*" (Emphasis added). Additionally, Ordinance 30–50 vests the Board with the authority to reinstate the employee if the removal violated the provisions of Ordinance 30–49 or was not made in good faith for cause. Furthermore, the Board is given the discretion to modify the discipline imposed:

After investigation into the discharge, removal, suspension or reduction of a person in the civil service, the civil service board may, if in its estimation the evidence is conclusive, affirm the removal, or if it shall find the removal, suspension, or demotion was made for race, color, creed, disability or political or religious reasons or was not made in good faith for cause, shall order the immediate reinstatement or reemployment of such person in the office, place, position, or employment from which such person was removed, suspended, demoted or discharged. Such reinstatement may be retroactive with pay from the time of such removal, suspension, demotion or discharge. *The board upon such inves-*

*tigation, in lieu of affirming the removal, suspension, demotion, or discharge, may modify the order of removal, suspension, demotion, or discharge by directing a suspension without pay for a given period and subsequent restoration of duty or demotion in classification, grade, or pay.* The findings of the board shall be certified in writing to the director, and shall be forthwith enforced by such office.

Ordinance 30–50 (emphasis added).

[¶ 12.] City asserts that the Board acted arbitrarily by reducing Schlumbohm's termination to a suspension. In reviewing the findings made by the Board, we do not "judge witness credibility, a matter left to those presiding first hand." *Green v. City of Sioux Falls,* 2000 SD 33, ¶ 16, 607 N.W.2d 43, 47. However, whether the facts support the conclusion that just cause existed for discipline is a matter of law fully reviewable. *Id.* ¶ 21. The facts and conclusions entered by the Board tend to support the reduction to a suspension.[1] Contrary to the City's argument, they appear to be the result of a reasoned consideration and not an arbitrary act constituting an abuse of discretion. The Board is vested with the power to determine whether just cause existed and whether the discipline is excessive. A finding of just cause does not require the Board to uphold the disciplinary action taken by the chief of police. Here, despite the scarcity of findings to support the reduction to a suspension, the record itself supports the Board's decision. However, in the future, the Board should make specific findings to justify its decision to modify disciplinary decisions.

[¶ 13.] As recognized by another court addressing a similar issue:

We are mindful of the commission's power to modify penalties and the considerable discretion provided it. . . . That discretion is, however, 'not without bounds,' and the commission may not modify a penalty without providing a reasonable explanation for doing so. It is well to remember that the power to modify is at its core the authority to review and, when appropriate, to temper, balance, and amend.

*Police Com'r of Boston v. Civil Service Comm.,* 39 Mass.App.Ct. 594, 659 N.E.2d 1190, 1193 (1996).

[¶ 14.] An abuse of discretion is "discretion exercised to an end or purpose not justified by, and against, reason and evidence." *Bland v. Davison County,* 1997 SD 92, ¶ 5, 566 N.W.2d 452, 455 (citations omitted). The Board's conclusion number 7 demonstrates the consideration which the Board gave to its recommendation for a reduced sanction.

When considering the City's long standing policy of progressive discipline, the totality of Grievant's actions and conduct on July 18, 1999, along with her prior record as a law enforcement officer, this board under the authority given it by

1. Factually, the City maintains the Board failed to find the facts sufficient to constitute conduct unbecoming an officer. The City is mistaken. The findings and conclusion demonstrate that the Board did find Schlumbohm "was disciplined for just cause . . . as a result of her actions on July 18, 1999, in which she exhibited unacceptable decision making in operating her vehicle in a reckless manner as an off-duty police officer." This finding is sufficient for conduct unbecoming an officer. Additionally, the Board and the circuit court specifically rejected a finding of "wantonly offensive conduct" on this record. Contrary to the City's argument, the facts detailed here do not rise to the level of those contained in *Green,* 2000 SD 33, 607 N.W.2d 43 (affirming the termination of an officer who taunted members of the public, abused a prisoner, and damaged private property).

the Ordinances of Sioux Falls, and based upon the evidence received at the hearing, in lieu of affirming the discharge of Grievant does hereby modify the discharge . . .

[¶ 15.] An examination of the record reveals the Board rightfully found just cause for the discipline of Schlumbohm for her irresponsible actions.[2] In *Schroeder v. Dept. of Social Services*, we recognized that findings of fact and conclusions of law are required for meaningful appellate review. 529 N.W.2d 589, 591 (S.D.1995). On this record, the Board and the circuit court met this requirement. We decline City's invitation to review the record in the first instance, as that request exceeds the scope of proper appellate review. Under this standard of review, even if our view of the proper punishment may have been different, we are not convinced the Board acted arbitrarily or abused its discretion in modifying the original discipline. Therefore, we affirm the circuit court on issue 1.

[¶ 16.] **2. WHETHER THE BOARD COMMITTED ERROR BY ADMITTING AND CONSIDERING EVIDENCE REGARDING PRIOR UNRELATED DISCIPLINARY ACTIONS.**

■ [¶ 17.] At the disciplinary hearing, Schlumbohm offered evidence of several prior unrelated disciplinary actions. City contends that the Board abused its discretion in admitting this evidence concerning prior discipline for DUI, other alcohol related offenses and traffic accidents. City asserts that the Board improperly used this evidence as comparative disciplinary information. We reject City's contention.

[¶ 18.] Schlumbohm advanced three theories of admissibility: 1.) sex discrimi-

nation; 2.) impeachment of Chief Quiring's testimony that Schlumbohm would no longer be capable of performing her duties; and 3.) that the discipline imposed was arbitrary, capricious and excessive. In response, the City objected arguing that the introduction of such evidence was irrelevant and immaterial and not supported by any evidence of excessive discipline. The Board adjourned, returned minutes later and allowed the introduction of disciplinary actions that took place after Chief Quiring took office.

■ [¶ 19.] We cannot say that the Board abused its discretion by admitting this evidence. Prior unrelated disciplinary action may be relevant when determining if the discipline was arbitrary or motivated by improper reasons. In *Jager v. Ramona Bd. of Educ.*, 444 N.W.2d 21, 26 (S.D. 1989), comparative evidence was utilized to establish if the discipline imposed was arbitrary and capricious. Evidence that an individual "was treated more harshly than other individuals" is a relevant consideration. *Id.* This rationale has been applied to law enforcement officers as well. *See Vukovich v. Civil Service Comm'n*, 832 P.2d 1126, 1128 (Colo.App.1992) (upholding disciplinary action because the comparative evidence was sufficiently distinguishable to support the discipline imposed).

[¶ 20.] **3. WHETHER THE CIRCUIT COURT ERRED IN HOLDING THAT THE CITY FAILED TO PRESERVE FOR APPEAL ITS ARGUMENT THAT THE BOARD IMPROPERLY ORDERED REINSTATEMENT TO A POSITION THAT DID NOT EXIST.**

■ [¶ 21.] The circuit court determined, and City concedes, that this issue

---

**2.** Schlumbohm makes the point that this was not a simple slap on the wrist and that financially, the six-month suspension without pay resulted in a loss in excess of $15,000, which she claims is forty times greater than the average financial penalty for DUI.

had not been presented to the Board. The City maintains, that in this instance, our rule requiring an argument to be raised below before it is heard on appeal should be forgiven.

[¶ 22.] We have often stated:

An issue may not be presented for a first time on appeal. The appellant must affirmatively establish a record on appeal that shows the existence of error. He [or she] must show that the trial court was given an opportunity to correct the grievance he [or she] complains about on appeal. *Husky Spray Service, Inc. v. Patzer*, 471 N.W.2d 146, 153–54 (S.D.1991) (quoting *Cooper v. Cooper*, 299 N.W.2d 798, 800 (S.D.1980) (citations omitted) (alterations in original)). "[W]e will not review a matter on appeal unless proper objection was made before the trial court. Objections must be made to the trial court to allow it to correct its mistakes." *Id.* at 154 (quoting *Johnson v. John Deere Co.*, 306 N.W.2d 231, 239 (S.D.1981) (citations omitted)). "Since our function is that of review, issues not presented to the trial court are not before us on appeal." *Id.* (quoting *Chipperfield v. Woessner*, 84 S.D. 13, 166 N.W.2d 727, 730 (1969)).

[¶ 23.] The trial court found that the proper procedure would have been for the City to present this issue to the Board. Therefore, the City's failure constituted waiver of this issue on appeal. City asserts this procedural bar is inapplicable because the Board has no method for raising post-trial hearings and no evidence of positions available had been presented to the Board. In the future, we suggest a motion to the Board before a party asserts that it was barred from challenging the propriety of the order.

[¶ 24.] Therefore, we affirm the circuit court in all respects and need not address Schlumbohm's assertion of error.

[¶ 25.] MILLER, Chief Justice, and AMUNDSON, KONENKAMP, and GILBERTSON, Justices, concur.