#24290-rev & rem-RWS

**2007 SD 91**

# IN THE SUPREME COURT

## OF THE

## STATE OF SOUTH DAKOTA

* * * *

BARBARA R. HALBERSMA,                     Plaintiff and Appellee,

v.

LAWRENCE M. HALBERSMA,                     Defendant and Appellant.

* * * *

APPEAL FROM THE CIRCUIT COURT OF
THE SECOND JUDICIAL CIRCUIT
MINNEHAHA COUNTY, SOUTH DAKOTA

* * * *

HONORABLE STUART L. TIEDE
Judge

* * * *

DEBRA M. VOIGT of
Piersol & Voigt, LLP
Sioux Falls, South Dakota                     Attorneys for plaintiff
                                              and appellee.


AARON J. EMERSON
Myers & Billon, LLP
Sioux Falls, South Dakota                     Attorneys for defendant
                                              and appellant.

* * * *

CONSIDERED ON BRIEFS
ON APRIL 23, 2007

OPINION FILED **08/22/07**

#24290

SABERS, Justice

[¶1.]　　　　Lawrence M. Halbersma (Lawrence) appeals from the property division determination in his divorce from Barbara R. Halbersma (Barbara). The circuit court found that approximately $1.6 million dollars of assets were Barbara's separate property and excluded it from the marital property. We reverse.

## FACTS

[¶2.]　　　　Lawrence and Barbara were married on October 15, 1955. The young couple started their farming operation with donations from their families. Lawrence's brother gave them five cows and Barbara's parents gave them some chickens. Barbara's father purchased land near White, SD where the couple could operate their dairy operation. They eventually purchased the land from her father. Over time, they increased their land to 600 acres and a net worth of almost one million dollars.

[¶3.]　　　　Lawrence operated a dairy business and devoted all of his time to this operation. Due to his long hours, Barbara was left to take care of the home and raise their children. She also claims to have helped in the farming/dairy operation,[1] but Lawrence disputes this claim. In addition, the couple agreed Barbara would be the one in charge of the family finances. She handled the bills and, when they had money to invest, made their investment decisions.

[¶4.]　　　　In 1986, Barbara's parents left her a substantial inheritance. They left her the family homestead near Brandon and other cash assets. In addition to

---

1.　　Some of the land was used for crops to sell for profit, but most of the land was used to grow feed for the dairy animals.

-1-

handling the family finances, she also handled this inherited property. However, instead of commingling the inherited property, she kept the property separate. The land near Brandon was being rented and Barbara used the income from the land, along with other inherited funds she invested, to pay the taxes and upkeep on the land. However, for purposes of federal income tax reporting, Barbara and Lawrence filed a joint return. This return included income from the inherited properties and investments. Barbara claims she paid her portion of the federal income tax from her inherited money.

[¶5.]        From 1986 to 2003, Barbara managed the Brandon property, while Lawrence continued to work on the farm.[2] With the children grown and out of the home, Barbara had more time to devote to the management of the property. With Lawrence working long hours on the farm, he was unable to contribute to the maintenance of the Brandon property. He helped a few times, but Barbara usually hired people to complete the work.

[¶6.]        In 2003, the couple sold their 600 acres in White, SD by a contract for deed and moved to the Brandon home. The next year, Barbara created a revocable trust from inherited funds, which named her children as the beneficiaries. She also created a will that left all of the marital property to Lawrence, while leaving the inherited property to her children.

---

2.      During this time, the family operation switched from milk cattle to beef cattle. Their son left the farm and continuation of the milking operation was not feasible without his help.

[¶7.] In December of 2005, Barbara sued Lawrence for divorce alleging extreme mental cruelty. Lawrence consented to the divorce being granted on those grounds. The children were adults, there was no request for alimony and no debt to divide, so the sole issue was the property division. In particular, Barbara argued the entire inheritance should not be included in the marital estate. Lawrence argued the inherited property should be included as marital property. After the trial, the circuit court found the inherited property should be kept separate. It divided the marital estate, awarding Lawrence approximately $465,073 and Barbara approximately $450,072.[3] Barbara also received all of the inherited property, which brought her total to $2,249,851.

[¶8.] Lawrence appeals and raises the following issues:

1. Whether the circuit court's property division was an abuse of discretion.

2. Alternatively, whether the appreciation in value of the inherited properties should have been included as a marital asset.

3. Alternatively, whether Lawrence should have received a disproportionate share of the marital assets.

4. Whether the circuit court erroneously applied the law in its property division pursuant to SDCL 25-4-44.

---

3. These figures do not include the proceeds from the sale of the White farmhouse ($80,300), the remaining Contract for Deed payments on sale of the White farmland ($200,000) or the proceeds of the time share property in Branson, Missouri ($10,900). If these figures were included, Lawrence's approximate share of the marital estate would be $610,708 and Barbara's would be $595,707, a difference of $15,001.

**STANDARD OF REVIEW**

[¶9.]        In a divorce action, a circuit court's determination regarding division of property is reviewed using an abuse of discretion standard.  Novak v. Novak, 2006 SD 34, ¶3, 713 NW2d 551, 552 (citing Godfrey v. Godfrey, 2005 SD 101, ¶11, 705 NW2d 77, 80).  The property division will not be reversed unless the circuit court's "discretion is exercised 'to an end or purpose not justified by, and clearly against, reason and evidence.'"  *Id.*  We do not decide the question anew, but rather whether "a judicial mind, in view of the law and the circumstances of the particular case, could have reasonably reached such a conclusion."  *Id.*  Findings of fact are reviewed for clear error.  *Id.*

[¶10.]        **1.        Whether the property division decision, which excluded Barbara's inherited property, was an abuse of discretion.**

[¶11.]        SDCL 25-4-4 gives the circuit court discretion to equitably divide the marital estate regardless of ownership.  The statute provides:

> When a divorce is granted, the courts may make an equitable division of the property belonging to either or both, whether the title to such property is in the name of the husband or the wife.  In making such division of the property, the court shall have regard for equity and the circumstances of the parties.

SDCL 25-4-44.  The circuit court is not bound by any mathematical equation when making an equitable division of property, but there are several factors it is to consider when dividing marital property.  Garnos v. Garnos, 376 NW2d 571, 572-73 (SD 1985).  They are:

> (1) the duration of the marriage;
>
> (2) the value of the property owned by the parties;

(3) the ages of the parties:

(4) the health of the parties;

(5) the competency of the parties to earn a living;

(6) the contribution of each party to the accumulation of the property; and

(7) the income-producing capacity of the parties' assets.

*Novak*, 2006 SD 34, ¶4, 713 NW2d at 552 (citing Billion v. Billion, 1996 SD 101, ¶21, 553 NW2d 226, 232).

[¶12.]    We have noted that these factors apply and must be examined before deciding whether inherited property should be included in the marital estate. *Id.; Billion*, 1996 SD 101, ¶21, 553 NW2d at 232. Therefore, "inherited property 'is not ipso facto excluded from consideration in the overall division of property.'" *Novak*, 2006 SD 34, ¶5, 713 NW2d at 553 (citing *Billion*, 1996 SD 101, ¶20, 553 NW2d at 232). Instead, "[o]nly where one spouse has made no or de minimis contributions to the acquisition or maintenance of an item of property and has no need for support, should a court set it aside as 'non-marital' property." *Id.*

[¶13.]    Lawrence claims the circuit court abused its discretion when it found Barbara's inherited property was separate property. He claims the inherited property should be included in the marital property because his work on the dairy farm was a substantial and significant contribution to the inherited property. He argues that Barbara would not have been able to keep the property separate but for his contribution through hard work on the farm. Additionally, he claims she always handled the finances for the family and should not be able to take advantage of her position of controlling the family finances.

[¶14.] The circuit court did examine the factors relating to the property division inquiry. It noted that the parties were married for over fifty years. It found that Lawrence was 71 and Barbara was 69 years old and both were in good physical health for their ages, but they were at retirement age and neither one could earn more than minimum wage. The circuit court found that both parties had contributed to the accumulation of marital assets.

[¶15.] The circuit court also found that Barbara's mother intended to pass the land and money to Barbara alone. Furthermore, it found that Barbara had kept the inherited property and money separate from the marital estate. Finally, the circuit court found Lawrence had no control over the property and did not participate in any decisions as to the inherited property. Consequently, the circuit court found Lawrence's contribution to the inherited assets to be de minimis. The circuit court also noted that Lawrence had no need for support. Accordingly, the inherited property was excluded from the marital estate.

[¶16.] However, the circuit court erred when it determined Lawrence's contribution to the inherited assets was de minimis. Lawrence only performed some direct maintenance on the inherited property once they moved to Brandon after retirement. Nonetheless, it is his indirect contribution that is valuable and was overlooked.

[¶17.] Barbara inherited the property in 1986. This was thirty-one years into an over fifty-year marriage. *See Novak*, 2006 SD 34, ¶10, 713 NW2d at 554 (noting that the property was inherited ten years into a sixteen-year marriage weighed in favor of including inherited property in the marital estate). For the next twenty

years, Lawrence continued to work long hours on the farm. While Barbara continued to control the family's finances, the children were grown, allowing her to spend more time away from home. Lawrence placed all of the income from his work on the farm into the marital estate. This allowed Barbara to keep the inherited property separate, as the farm was producing enough income to cover their expenses. His contribution, while not direct in the form of interviewing tenants, painting fences, or mowing the lawn, is no less significant and substantial. His indirect contribution was significant and substantial and the circuit court erred in determining that his contribution was de minimus. This is a finding of fact that is clearly erroneous.

[¶18.]     This Court has indicated that indirect contributions help maintain the separate property in *Garnos v. Garnos*. 376 NW2d at 573. In *Garnos*, we reversed the circuit court's determination that inherited real property was to be excluded from the marital estate. In reversing, we noted that the wife had contributed all of her earnings to family expenses and the contributions of a wife and mother were important considerations in determining property awards during divorce proceedings. *Id.*

[¶19.]     Similarly, Lawrence contributed all of the farming income to the family and farm expenses.[4] The circuit court indicated it understood the amount of work and sacrifice a milking/farming operation took. It noted:

---

4.     Moreover, Lawrence contributed $50,000 in money he inherited from his family into the marital property and did not set it aside as his own inheritance.

> I know how hard that work is, and it is a 7 day a week, 52
> week a year operation. There is very little time, and
> you're constantly trying to find a good friend, neighbor,
> relative or somebody to cover the times when you can't be
> there. So I know how hard the work is.

While the circuit court considered this contribution in allocating marital property, it did not consider this indirect contribution to maintenance of the inherited property. As in *Garnos*, it is error not to consider this contribution. The law, much like a marriage, is not a one way street. If we recognize the significant and substantial contribution of a housewife and homemaker in the contribution of marital assets, then we should recognize the significant and substantial contribution this dairy farmer made to the inherited property in this case.

[¶20.]     Furthermore, the court placed too much emphasis on Lawrence's lack of control over the property and lack of decisions. Barbara was in control and made the decisions for *all* of the marital property finances. He testified that he did not think anything of her keeping the money separate because she handled all of the finances.

[¶21.]     As the circuit court noted, this is a highly unusual case. It is hard to imagine a similar case will be before us in the future. This was a fifty-year marriage, one that Lawrence testified he expected to continue. She received the inheritance thirty years into the marriage. For over twenty years of the marriage, that inheritance was maintained separately, at least in part, because of Lawrence's indirect contribution by working hard to make the dairy business and therefore, their lives, self-sufficient and comfortable. He testified that he thought the money would be used for their retirement, for both of their benefit, even though she kept it

separate, "[a]fter all they were married, right?" He trusted Barbara with their finances. Therefore, the fact that Lawrence lacked control over or did not make decisions about the inherited property does not indicate a separate status. If we affirmed the property division under these circumstances, we would send a message to spouses not to trust the other's financial decisions and investments for fear of being artfully excluded from assets.

[¶22.]     A review of the record indicates the circuit court's finding of fact was clearly erroneous and it abused its discretion when it excluded all of the inherited property from the marital estate.[5] Lawrence made valuable indirect contributions to the inherited property. It would be unjust and inequitable to award Barbara over $2 million dollars, while Lawrence received only $600,000.

[¶23.]     Barbara has made a motion for appellate attorney's fees. SDCL 15-17-38 allows for an award of attorney's fees, if "the interest of justice" so allows. However, since Lawrence is the prevailing party, we award her no attorney's fees. *See* Toft v. Toft, 2006 SD 91, ¶26, 723 NW2d 546, 554-55 (awarding attorney's fees

---

5.     Contrary to Justice Zinter's dissent, this decision is made by considering more than just one factor. While it is most important that Lawrence made indirect contributions to the inherited property, other factors are considered. For instance, the first factor, length of the marriage was considered. *Novak*, 2006 SD 34, ¶4, 713 NW2d at 552 (citing *Billion*, 1996 SD 101, ¶18, 553 NW2d at 231). This is a marriage of long duration, over fifty years. Furthermore, the inherited property was received after thirty years of marriage; therefore, it was inherited with twenty years of marriage remaining. Additionally, the age and health of the parties and their competency to earn a living is considered. *Id.* Lawrence and Barbara are 71 and 69, respectively. Lawrence and Barbara are at retirement age and cannot earn more than minimum wage. The proper factors were considered in this decision.

to the prevailing party, but no attorney's fees to the party that failed to prevail on appeal).

[¶24.] Due to our decision, we do not address the additional issues. Reversed and remanded to determine an equitable division of property that includes Barbara's inherited property.

[¶25.] GILBERTSON, Chief Justice, concurs.

[¶26.] KONENKAMP, Justice, concurs with a writing.

[¶27.] ZINTER and MEIERHENRY, Justices, dissent.


KONENKAMP, Justice (concurring).

[¶28.] I concur with the Court's opinion. I write only to emphasize that this writing should not be read to suggest that Barbara's inheritance must be divided in half. On remand, Lawrence should receive an "equitable" share in Barbara's inherited property.


MEIERHENRY, Justice (dissenting).

[¶29.] Applying our deferential standard of review, we should affirm the circuit court's decision to exclude Barbara's inherited property from the marital estate. There is no abuse of discretion under the factors and standard recently reiterated in *Novak v. Novak,* 2006 SD 34, ¶¶ 3-4, 713 NW2d 551, 552. We have consistently said, "[w]e find an abuse of discretion when discretion is exercised to an end or purpose not justified by, and clearly against, reason and evidence." *Id.* ¶3 (additional citations omitted). Under this standard, we do not ask whether we

would have made the same decision, but "whether a judicial mind, in view of the law and the circumstances of the particular case, could have reasonably reached such a conclusion." *Id.* (additional citation omitted). Additionally, we review the circuit court's findings of fact under the clearly erroneous standard. *Id.*

[¶30.] In *Billion v. Billion,* we clearly directed circuit courts in this state to consider certain factors when deciding whether inherited property should be subject to division in the marital estate. 1996 SD 101, ¶18, 553 NW2d 226, 231. In *Novak,* we said, "[o]nly where one spouse has made no or de minimis contributions to the acquisition or maintenance of an item of property and has no need for support, should a court set [it] aside as 'non-marital' property." 2006 SD 34, ¶5, 713 NW2d at 552-53 (citation omitted). The circuit court, following our directive, considered all the factors in light of the evidence and concluded that the inherited property should not be part of the marital estate. The court found that Lawrence's contribution to the inherited assets was de minimis, and that his need for support could be met without dividing the inherited assets. The circuit court's findings were not clearly erroneous and its decision was reasonable and justified.

[¶31.] The majority opinion attempts to substitute its own opinion to conclude that Lawrence's contribution to the inherited assets was not de minimis because of Lawrence's indirect contribution to the inherited assets. However, it was the indirect nature of Lawrence's contributions that led the circuit court to conclude that Lawrence's contribution was de minimis. This conclusion was based on a number of factors unique to the facts of this case.

[¶32.]    First, the Brandon property had clearly been given to Barbara alone. The circuit court noted:

> [The inherited assets were] not given to her and her husband, even though at the time this distribution was made, they presumably had been married for an extended period of time even by then. So one would think that if there had been any intention on the part of her parents to benefit Mr. Halbersma from the inherited property, they would have given it to him in his name jointly or in some manner express their intent that that would be the case.

[¶33.]    Second, Barbara kept the inherited assets completely separate from the marital estate. The circuit court commented that the inherited property

> was never used to support the family generally in terms of acquisition of property by them, the land that they purchased over the years, the livestock, the things that they did, the inheritance was never a factor in that. It was always totally separated and segregated and it was not used to pay the monthly expenses. It didn't pay the heat, the lights, the gas, anything else.

[¶34.]    Finally, Lawrence admitted that over the years he told Barbara that he wanted nothing to do with the Brandon property and that it was her responsibility alone. The circuit court acknowledged Lawrence's lack of involvement and interest at the close of trial.

> Mr. Halbersma doesn't dispute when the inheritance was received that he in essence said, I remember his words precisely, he said I was too busy farming to worry about her property down at Brandon and it was hers and I didn't want anything to do with it and that's what happened over many, many years.

All the decisions, control and contribution in maintaining the inherited property were made by Barbara without any involvement by Lawrence. All of the accounts and payments associated with the property were kept separate. Some of the inherited assets had been placed in a living trust with Barbara's children as

beneficiaries. Additionally, the circuit court found that the liquid assets awarded to Lawrence were adequate to support him "in the style to which the parties were accustomed during the marriage." Thus, Lawrence did not show that his need for support was not met without dividing the inherited assets.

[¶35.]    We have stated, "a 'trial court has broad discretion in determining whether property is marital in nature and subject to division.'" *Billion*, 1996 SD 101, ¶20, 553 NW2d at 232 (quoting Heckenlaible v. Heckenlaible, 1996 SD 32, ¶8, 545 NW2d 481, 483). Based on this deferential standard and under the specific facts of this case, the circuit court's exclusion of the inherited property from the marital estate was clearly reasonable and justified by the evidence. I would affirm the circuit court's exclusion of the marital property.


ZINTER, Justice (dissenting).

[¶36.]    I join Justice Meierhenry's dissent regarding the Court's disregard of the abuse of discretion standard of review. The Court's analysis is perplexing because it concedes that the circuit court did consider the relevant factors, *see supra* ¶¶14-15, the circuit court's written opinion reflects that it also *balanced all* of those factors in arriving at its decision, yet this Court holds it abused its discretion. I also write to highlight that the Court has substituted its judgment for that of the circuit court on a disputed issue of fact, and point out that the Court only considers one relevant factor (contribution to the inherited property) while conceding that there are "*several* factors . . . to consider when dividing marital property." *See supra* ¶11

(citing Novak v. Novak, 2006 SD 34, ¶4, 713 NW2d 551, 552 and Billion v. Billion, 1996 SD 101, ¶18, 553 NW2d 226, 231) (emphasis added).

[¶37.]     Notwithstanding our multifactor approach to deciding this issue, the majority reverses on *one* isolated factor: this Court's perceived failure of the circuit court to correctly find the extent of Lawrence's contribution to the inherited assets, a finding involving a highly disputed question of fact at trial. *See supra* ¶22. This is contrary to our long-standing approach in these cases. *See Billion*, 1996 SD 101 at ¶21, 553 NW2d at 232.

[¶38.]     It is also contrary to the use of the multifactor approach itself. In other contexts, we have repeatedly emphasized that no one factor should be determinative. Great West Casualty Co. v. Bergeson, 1996 SD 73, ¶6, 550 NW2d 418, 420 (stating that when determining whether an employment relationship exists "[n]o single factor can be determinative; each case must be decided on its own facts."). Similarly, in our family law cases, we frequently find no abuse of discretion if the circuit court considered all relevant factors. *See* Christians v. Christians, 2001 SD 142, ¶19, 637 NW2d 377, 381 (affirming alimony award when findings supported by the record "show[ed] a consideration of all factors"); Arneson v. Arneson, 2003 SD 125, ¶26, 670 NW2d 904, 914 (concluding circuit court did not abuse its discretion when "the court properly considered the relevant factors in making its custody determination"). In fact, under the multifactor approach, all factors need not be considered as long as "the decision [is] balanced and methodical." Zepeda v. Zepeda, 2001 SD 101, ¶13, 632 NW2d 48, 53 (affirming circuit court's child custody order). There is nothing balanced and methodical,

however, about today's opinion deciding a case on only one factor to the exclusion of all others, especially where that factor involves a disputed issue of fact.

[¶39.] If these are the new standards of appellate review, the bench and bar should be advised that we have abandoned the multifactor approach to deciding when inherited property should be excluded from the marital estate and that findings of fact will be reviewed de novo based upon how we perceive a circuit court should have decided a disputed issue of fact at trial. The Court should also acknowledge that under its analysis it has effectively overruled *Novak* and *Billion*.