Judith A. GARNOS, Plaintiff
and Appellant,

v.

Veran N. GARNOS, Defendant
and Appellee.

Nos. 14780, 14790.

Supreme Court of South Dakota.

Considered on Briefs Sept. 9, 1985.

Decided Nov. 6, 1985.

Thomas J. Nicholson of McFarland, Petersen & Nicholson, Sioux Falls, for plaintiff and appellant.

Charles M. Thompson and Patricia A. Meyers of May, Adam, Gerdes & Thompson, Pierre, for defendant and appellant.

HERTZ, Acting Justice.

Judith A. Garnos (appellant) and Veran N. Garnos (appellee) were granted a divorce on October 9, 1984. The trial court ordered joint custody of the parties' two minor children, with the appellant having primary custody during the school year. In addition, the court made an award for child support, alimony, a division of the property, and attorneys fees. Appellant appeals from that portion of the decree regarding alimony, property division and child support. The appellee has filed a Notice of Review on the issues of custody, alimony and attorneys fees. We affirm in part, reverse in part and remand.

The parties were married on June 7, 1969. Two children were born of this marriage and at the time of the trial in this matter, were five and seven years of age. Appellant is 37 years of age and the appellee 42. Appellant suffers from hypoglycemia, which is the beginning of diabetes; however, at this stage, it can be controlled by diet. Both parties have a college degree and were employed as teachers at the outset of the marriage. Appellant quit her teaching position in 1976 by reason of the birth of her first child; however, she did some substitute teaching thereafter. Appellant resumed her teaching career in the Hanson County School System in 1984 and continues to remain in that employment.

At the time of their marriage appellant owned no property of her own. Appellee was the owner of a substantial amount of real property, which he acquired through his father pursuant to an estate plan. Appellant received as a gift from appellee's father 59.7 acres of land, and the parties during their marriage purchased additional ranch land totalling some 1,066 acres.

The trial court ordered that appellant be paid $25,000.00 in cash as her division of the property, which sum was to be paid by the appellee within six months after the entry of the Decree of Divorce. Further, the trial court ordered that appellee pay to appellant $600.00 per month alimony for ninety consecutive months, to be terminated upon the death or remarriage of the appellant. Appellant was also awarded the primary custody of the two children for nine months of the school year and appellee to have the children for the three months during the summer vacation. Appellee was required to pay $200.00 per month per child during the months that the children were in the custody of appellant. The trial court did not designate either party responsible for medical insurance of the children. The personal property of the parties was divided by mutual agreement between the parties.

The various issues raised in this appeal will be separately stated and so treated.

I

Whether the trial court abused its discretion in only awarding $25,000.00 in property to the appellant when the parties had an overall net worth, including inherited property, in excess of $800,000.00.

■ In reviewing the division of property, we take cognizance of the fact that the trial court has broad discretion in making a division of property and we will not modify or set it aside unless it clearly appears that the trial court abused its discretion. *O'Connor v. O'Connor*, 307 N.W.2d 132 (S.D.1981); *Laird v. Laird*, 322 N.W.2d 254 (S.D.1982); *Kittelson v. Kittelson*, 272 N.W.2d 86 (S.D.1978). SDCL 25–4–44.

■ In making an equitable division of property, the trial court is not bound by any mathematical formula, but is to make the award on the basis of the material

factors in the case, having due regard for equity and the circumstances of the parties. These factors include the duration of the marriage, the value of the property of each of the parties, the ages of the parties, their health and competency to earn, and the contributions of each of the parties to the accumulation of the marital property. *Kressly v. Kressly*, 77 S.D. 143, 87 N.W.2d 601 (1958); *Lien v. Lien*, 278 N.W.2d 436 (S.D.1979); *Wallahan v. Wallahan*, 284 N.W.2d 21 (S.D.1979).

This court has consistently acknowledged that the performance by a housewife and mother of typically domestic duties constitutes a valuable contribution to the accumulation of the marital property. *O'Connor v. O'Connor, supra* and *Kittelson v. Kittelson, supra*. Keeping in mind the principles above enunciated, we now proceed to dispose of the issue in question.

According to appellee's expert appraiser, he determined that appellant and appellee had ownership interests in a total of 4,136.-89 acres. It appears from the records and files herein that of this total acreage, appellee either by way of inheritance or estate planning, had an ownership interest in 3,070.89 acres. This apparently leaves 1,066 acres purchased by the parties during the course of their marriage. Additionally, it is noted that appellant received as a gift from appellee's father 59.7 acres, which had a value of $11,948.00. The expert appraiser determined that tillable land should be valued at $275.00 per acre and grasslands at $170.00 per acre.

Pursuant to these per acre valuations, the purchased land of the parties during the marriage would have a total value of $236,150.00 based on 496 acres of tillable land and 570 acres as grassland. The trial court found that the parties had paid $120,-613.00 for this land.

The land acquired by appellee, either through inheritance or by estate planning, totalling some 3,070.89 acres, had a value assigned to it of $570,905.75. The total value of all of the land comes to $819,-003.75, which includes the value of the 59.7 acres gifted to appellant by her father-in-law.

■ In making the property division it did, the trial court concluded that the inherited real property was to be excluded from any consideration in the determination of the property division. Further, the trial court apparently concluded that appellant had made little, if any, contribution towards the acquisition of the 1,066 acres purchased during the marriage, which had an appraised value at the time of the trial of some $236,150.00. It should be noted that with respect to inherited property it is not ipso facto excluded from consideration in the overall division of property, but rather it is in the trial court's discretion whether in this case appellee's inheritance should be excluded in making that determination. *Balvin v. Balvin*, 301 N.W.2d 678 (S.D. 1981); *Buseman v. Buseman*, 299 N.W.2d 807 (S.D.1980); *Laird v. Laird, supra*.

During the fifteen years plus of the marriage of the parties, appellant contributed all of her teaching income to family expenses. When not teaching, she bore two children and performed all of the duties of a housewife and mother. As previously indicated, this court has consistently recognized that the contribution of a housewife and mother is substantial and is an important consideration in the determination of property interests of the parties.

■ Considering the vested real estate interest of the parties and the factors pertinent thereto, we conclude the award of $25,000.00 to be clearly inadequate and an abuse of discretion on the part of the trial court. We, therefore, remand the matter of property division for further proceedings consistent with this opinion.

II

Whether the trial court abused its discretion in granting appellant $600.00 per month in alimony, which is to terminate upon appellant's remarriage or upon 90 consecutive monthly payments, whichever occurs first.

Appellant contends this award in the light of the $25,000.00 property distribution is inequitable. Appellee, on the other hand, by his Notice of Review, contends the alimony award is excessive.

Since the division of property of the parties will be remanded for reconsideration by the trial court, we are now unable to determine whether the position of either party has merit. We, however, direct the trial court to review the alimony award after the property division has been accomplished under this remand, since the final property division may dictate a change in the award. The trial court, of course, will keep in mind the factors to be considered in making an alimony award pursuant to SDCL 25-4-41 and our many decisions in that regard.

### III

Whether the trial court abused its discretion in granting $200.00 per month per child for child support.

■ Appellant claims that the child support authorized by the court is inequitable. Additionally, appellant claims the court abused its discretion by limiting such payments to only nine months during the school year while the children are in appellant's physical custody, and failing to require such payments for the three months the children are in appellee's custody.

After a consideration of the circumstances of the parties, their station in life and their respective incomes, we conclude that the trial court did not abuse its discretion either in the award of child support or in the periods of time designated.

### IV

By Notice of Review, appellee claims the trial court abused its discretion in awarding appellant custody of the two children of the parties.

A reading of the transcript of the trial as it pertains to the custody issue indicates that the trial court was well within its judicial discretion in awarding primary custody to the appellant. It is sufficient here

to note that appellee never objected to the temporary custody of the two minor children during the pendency of these proceedings, nor did he complain about the care and attention the children were receiving while in the custody of the appellant. There is simply no evidence in the record that would indicate appellant is an unfit mother. On the contrary, there is ample evidence that she is a loving and caring mother. It is noted that the appellee appears to use intoxicating liquors to excess and there is no indication in the record that those habits have changed.

■ In making an award of custody of minor children, the trial court must be guided by what appears from all of the facts and circumstances to be in the best interest of the children relative to their temporal, mental and moral welfare. (SDCL 30-27-19(1)).

■ It is to be noted that the trial court, in resolving the custodial question, ordered an independent investigation of the parties, and that investigation, in addition to the testimony the trial court heard at the trial, was all duly considered in the court's decision.

From the entire record, we are satisfied that the primary custody award of the two minor children to appellant has substantial basis in the record before us.

### V

Whether the trial court abused its discretion in the award of attorneys fees to the appellant.

■ The appellee was ordered to pay appellant's attorneys fees in this action in the total sum of $5,340.00. We have repeatedly held that the allowance of attorneys fees rests in the sound discretion of the trial court. To that end, this court will not interfere with the trial court's decision unless there appears an abuse of discretion. *Lien v. Lien, supra.* We have stated in this regard that the following elements should be considered: "the amount and value of the property involved, the

intricacy and importance of the litigation, the labor and time involved, the skill required to draw the pleadings and the drawing of the cause, the discovery procedures utilized, whether there existed complicated legal problems, the time required to try the cause, and whether written briefs were required; where an appeal to [this court] is involved, that can also be considered." *Holforty v. Holforty,* 272 N.W.2d 810 (S.D. 1978).

Additionally, this court has held that in making the determination of attorneys fees, the trial judge should consider the property owned by each of the parties, their relative incomes, whether the wife's property is in liquid or fixed assets, whether the actions of the wife unreasonably increased the time spent on the case, and whether the actions of the husband increased unreasonably the time spent on the case. *Jameson v. Jameson,* 90 S.D. 179, 239 N.W.2d 5 (1976); *Iverson v. Iverson,* 90 S.D. 374, 241 N.W.2d 583 (1976); *Rock v. Rock,* 89 S.D. 583, 236 N.W.2d 191 (1975).

A careful consideration of the factors and elements above mentioned supports the trial court's award of attorneys fees and we find no abuse of discretion therein.

## VI

Whether the appellant should be awarded attorneys fees for this appeal.

We determine that appellant should be allowed the sum of $1,000.00 for attorneys fees.

Accordingly, this case is remanded for proceedings consistent herewith.

All the Justices concur.

WUEST, Circuit Judge, Acting as a Supreme Court Justice, participating.