*547 SABERS, Justice.
[¶ 1.] Lawrence M. Halbersma (Lawrence) appeals from the property division determination in his divorce from Barbara R. Halbersma (Barbara). The circuit court found that approximately $1.6 million dollars of assets were Barbara’s separate property and excluded it from the marital property. We reverse.
FACTS
[¶ 2.] Lawrence and Barbara were married on October 15, 1955. The young couple started their farming operation with donations from their families. Lawrence’s brother gave them five cows and Barbara’s parents gave them some chickens. Barbara’s father purchased land near White, SD where the couple could operate their dairy operation. They eventually purchased the land from her father. Over time, they increased their land to 600 acres and a net worth of almost one million dollars.
[¶ 3.] Lawrence operated a dairy business and devoted all of his time to this operation. Due to his long hours, Barbara was left to take care of the home and raise their children. She also claims to have helped in the farming/dairy operation,[1] but Lawrence disputes this claim. In addition, the couple agreed Barbara would be the one in charge of the family finances. She handled the bills and, when they had money to invest, made their investment decisions.
[¶ 4.] In 1986, Barbara’s parents left her a substantial inheritance. They left her the family homestead near Brandon and other cash assets. In addition to handling the family finances, she also handled this inherited property. However, instead of commingling the inherited property, she kept the property separate. The land near Brandon was being rented and Barbara used the income from the land, along with other inherited funds she invested, to pay the taxes and upkeep on the land. However, for purposes of federal income tax reporting, Barbara and Lawrence filed a joint return. This return included income from the inherited properties and investments. Barbara claims she paid her portion of the federal income tax from her inherited money.
[¶ 5.] From 1986 to 2003, Barbara managed the Brandon property, while Lawrence continued to work on the farm.[2] With the children grown and out of the home, Barbara had more time to devote to the management of the property. With Lawrence working long hours on the farm, he was unable to contribute to the maintenance of the Brandon property. He helped a few times, but Barbara usually hired people to complete the work.
[¶ 6.] In 2003, the couple sold their 600 acres in White, SD by a contract for deed and moved to the Brandon home. The next year, Barbara created a revocable trust from inherited funds, which named her children as the beneficiaries. She also created a will that left all of the marital property to Lawrence, while leaving the inherited property to her children.
[¶ 7.] In December of 2005, Barbara sued Lawrence for divorce alleging extreme mental cruelty. Lawrence consented to the divorce being granted on those grounds. The children were adults, there was no request for alimony and no debt to *548 divide, so the sole issue was the property division. In particular, Barbara argued the entire inheritance should not be included in the marital estate. Lawrence argued the inherited property should be included as marital property. After the trial, the circuit court found the inherited property should be kept separate. It divided the marital estate, awarding Lawrence approximately $465,073 and Barbara approximately $450,072.[3] Barbara also received all of the inherited property, which brought her total to $2,249,851.
[¶ 8.] Lawrence appeals and raises the following issues:
1. Whether the circuit court’s property division was an abuse of discretion.
2. Alternatively, whether the appreciation in value of the inherited properties should have been included as a marital asset.
3. Alternatively, whether Lawrence should have received a disproportionate share of the marital assets.
4. Whether the circuit court erroneously applied the law in its property division pursuant to SDCL 25-4^44.
STANDARD OF REVIEW
[¶ 9.] In a divorce action, a circuit court’s determination regarding division of property is reviewed using an abuse of discretion standard. Novak v. Novak, 2006 SD 34, ¶ 3, 713 N.W.2d 551, 552 (citing Godfrey v. Godfrey, 2005 SD 101, ¶ 11, 705 N.W.2d 77, 80). The property division will not be reversed unless the circuit court’s “discretion is exercised ‘to an end or purpose not justified by, and clearly against, reason and evidence.’ ” Id. We do not decide the question anew, but rather whether “a judicial mind, in view of the law and the circumstances of the particular case, could have reasonably reached such a conclusion.” Id. Findings of fact are reviewed for clear error. Id.
[¶ 10.] 1. Whether the property division decision, which excluded Barbara’s inherited property, was an abuse of discretion.
[¶11.] SDCL 25-4-4 gives the circuit court discretion to equitably divide the marital estate regardless of ownership. The statute provides:
When a divorce is granted, the courts may make an equitable division of the property belonging to either or both, whether the title to such property is in the name of the husband or the wife. In making such division of the property, the court shall have regard for equity and the circumstances of the parties.
SDCL 25-4-44. The circuit court is not bound by any mathematical equation when making an equitable division of property, but there are several factors it is to consider when dividing marital property. Garnos v. Garnos, 376 N.W.2d 571, 572-73 (S.D.1985). They are:
(1) the duration of the marriage;
(2) the value of the property owned by the parties;
(3) the ages of the parties:
(4) the health of the parties;
(5) the competency of the parties to earn a living;
(6) the contribution of each party to the accumulation of the property; and
(7) the income-producing capacity of the parties’ assets.
*549 Novak, 2006 SD 34, ¶ 4, 713 N.W.2d at 552 (citing Billion v. Billion, 1996 SD 101, ¶ 21, 553 N.W.2d 226, 232).
[¶ 12.] We have noted that these factors apply and must be examined before deciding whether inherited property should be included in the marital estate. Id.; Billion, 1996 SD 101, ¶ 21, 553 N.W.2d at 232. Therefore, “inherited property ‘is not ipso facto excluded from consideration in the overall division of property.’ ” Novak, 2006 SD 34, ¶ 5, 713 N.W.2d at 553 (citing Billion, 1996 SD 101, ¶ 20, 553 N.W.2d at 232). Instead, “[o]nly where one spouse has made no or de min-imis contributions to the acquisition or maintenance of an item of property and has no need for support, should a court set it aside as ‘non-marital’ property.” Id.
[¶ 13.] Lawrence claims the circuit court abused its discretion when it found Barbara’s inherited property was separate property. He claims the inherited property should be included in the marital property because his work on the dairy farm was a substantial and significant contribution to the inherited property. He argues that Barbara would not have been able to keep the property separate but for his contribution through hard work on the farm. Additionally, he claims she always handled the finances for the family and should not be able to take advantage of her position of controlling the family finances.
[¶ 14.] The circuit court did examine the factors relating to the property division inquiry. It noted that the parties were married for over fifty years. It found that Lawrence was 71 and Barbara was 69 years old and both were in good physical health for their ages, but they were at retirement age and neither one could earn more than minimum wage. The circuit court found that both parties had contributed to the accumulation of marital assets.
[¶ 15.] The circuit court also found that Barbara’s mother intended to pass the land and money to Barbara alone. Furthermore, it found that Barbara had kept the inherited property and money separate from the marital estate. Finally, the circuit court found Lawrence had no control over the property and did not participate in any decisions as to the inherited property. Consequently, the circuit court found Lawrence’s contribution to the inherited assets to be de minimis. The circuit court also noted that Lawrence had no need for support. Accordingly, the inherited property was excluded from the marital estate.
[¶ 16.] However, the circuit court erred when it determined Lawrence’s contribution to the inherited assets was de minimis. Lawrence only performed some direct maintenance on the inherited property once they moved to Brandon after retirement. Nonetheless, it is his indirect contribution that is valuable and was overlooked.
[¶ 17.] Barbara inherited the property in 1986. This was thirty-one years into an over fifty-year marriage. See Novak, 2006 SD 34, ¶10, 713 N.W.2d at 554 (noting that the property was inherited ten years into a sixteen-year marriage weighed in favor of including inherited property in the marital estate). For the next twenty years, Lawrence continued to work long hours on the farm. While Barbara continued to control the family’s finances, the children were grown, allowing her to spend more time away from home. Lawrence placed all of the income from his work on the farm into the marital estate. This allowed Barbara to keep the inherited property separate, as the farm was producing enough income to cover their expenses. His contribution, while not direct in the form of interviewing tenants, paint *550 ing fences, or mowing the lawn, is no less significant and substantial. His indirect contribution was significant and substantial and the circuit court erred in determining that his contribution was de mini-mus. This is a finding of fact that is clearly erroneous.
[¶ 18.] This Court has indicated that indirect contributions help maintain the separate property in Garnos v. Garnos. 376 N.W.2d at 573. In Garnos, we reversed the circuit court’s determination that inherited real property was to be excluded from the marital estate. In reversing, we noted that the wife had contributed all of her earnings to family expenses and the contributions of a wife and mother were important considerations in determining property awards during divorce proceedings. Id.
[¶ 19.] Similarly, Lawrence contributed all of the farming income to the family and farm expenses.[4] The circuit court indicated it understood the amount of work and sacrifice a milking/farming operation took. It noted:
I know how hard that work is, and it is a 7 day a week, 52 week a year operation. There is very little time, and you’re constantly trying to find a good friend, neighbor, relative or somebody to cover the times when you can’t be there. So I know how hard the work is.
While the circuit court considered this contribution in allocating marital property, it did not consider this indirect contribution to maintenance of the inherited property. As in Garnos, it is error not to consider this contribution. The law, much like a marriage, is not a one way street. If we recognize the significant and substantial contribution of a housewife and homemaker in the contribution of marital assets, then we should recognize the significant and substantial contribution this dairy farmer made to the inherited property in this case.
[¶ 20.] Furthermore, the court placed too much emphasis on Lawrence’s lack of control over the property and lack of decisions. Barbara was in control and made the decisions for all of the marital property finances. He testified that he did not think anything of her keeping the money separate because she handled all of the finances.
[¶21.] As the circuit court noted, this is a highly unusual case. It is hard to imagine a similar case will be before us in the future. This was a fifty-year marriage, one that Lawrence testified he expected to continue. She received the inheritance thirty years into the marriage. For over twenty years of the marriage, that inheritance was maintained separately, at least in part, because of Lawrence’s indirect contribution by working hard to make the dairy business and therefore, their lives, self-sufficient and comfortable. He testified that he thought the money would be used for their retirement, for both of their benefit, even though she kept it separate, “[a]fter all they were married, right?” He trusted Barbara with their finances. Therefore, the fact that Lawrence lacked control over or did not make decisions about the inherited property does not indicate a separate status. If we affirmed the property division under these circumstances, we would send a message to spouses not to trust the other’s financial decisions and investments for fear of being artfully excluded from assets.
[¶ 22.] A review of the record indicates the circuit court’s finding of fact was clearly erroneous and it abused its discretion *551 when it excluded all of the inherited property from the marital estate.[5] Lawrence made valuable indirect contributions to the inherited property. It would be unjust and inequitable to award Barbara over $2 million dollars, while Lawrence received only $600,000.
[¶ 23.] Barbara has made a motion for appellate attorney’s fees. SDCL 15-17-38 allows for an award of attorney’s fees, if “the interest of justice” so allows. However, since Lawrence is the prevailing party, we award her no attorney’s fees. See Toft v. Toft, 2006 SD 91, ¶ 26, 723 N.W.2d 546, 554-55 (awarding attorney’s fees to the prevailing party, but no attorney’s fees to the party that failed to prevail on appeal).
[¶24.] Due to our decision, we do not address the additional issues. Reversed and remanded to determine an equitable division of property that includes Barbara’s inherited property.
[¶ 25.] GILBERTSON, Chief Justice, concurs.
[¶ 26.] KONENKAMP, Justice, concurs with a writing.
[¶ 27.] ZINTER and MEIERHENRY, Justices, dissent.

. Some of the land was used for crops to sell for profit, but most of the land was used to grow feed for the dairy animals.

. During this time, the family operation switched from milk cattle to beef cattle. Their son left the farm and continuation of the milking operation was not feasible without his help.

. These figures do not include the proceeds from the sale of the White farmhouse ($80,-300), the remaining Contract for Deed payments on sale of the White farmland ($200,-000) or the proceeds of the time share property in Branson, Missouri ($10,900). If these figures were included, Lawrence’s approximate share of the marital estate would be $610,708 and Barbara’s would be $595,707, a difference of $15,001.

. Moreover, Lawrence contributed $50,000 in money he inherited from his family into the marital property and did not set it aside as his own inheritance.

. Contrary to Justice Zinter’s dissent, this decision is made by considering more than just one factor. While it is most important that Lawrence made indirect contributions to the inherited property, other factors are considered. For instance, the first factor, length of the marriage was considered. Novak, 2006 SD 34, ¶ 4, 713 N.W.2d at 552 (citing Billion, 1996 SD 101, ¶ 18, 553 N.W.2d at 231). This is a marriage of long duration, over fifty years. Furthermore, the inherited property was received after thirty years of marriage; therefore, it was inherited with twenty years of marriage remaining. Additionally, the age and health of the parties and their competency to earn a living is considered. Id. Lawrence and Barbara are 71 and 69, respectively. Lawrence and Barbara are at retirement age and cannot earn more than minimum wage. The proper factors were considered in this decision.