#25115, #25127-aff in pt, rev in pt & rem-GAS

**2009 SD 98**

IN THE SUPREME COURT

OF THE

STATE OF SOUTH DAKOTA

\* \* \* \*

BARBARA R. HALBERSMA,                    Plaintiff and Appellant,

  v.

LAWRENCE M. HALBERSMA,                    Defendant and Appellee.

\* \* \* \*

APPEAL FROM THE CIRCUIT COURT OF

THE SECOND JUDICIAL CIRCUIT

MINNEHAHA COUNTY, SOUTH DAKOTA

\* \* \* \*

HONORABLE STUART L. TIEDE
Judge

\* \* \* \*

DEBRA M. VOIGT of
Burd Law Office
Sioux Falls, South Dakota                    Attorneys for plaintiff
                and appellant.


AARON J. EMERSON of
Myers & Billon, LLP
Sioux Falls, South Dakota                    Attorneys for defendant
                and appellee.

\* \* \* \*

ARGUED AUGUST 25, 2009

OPINION FILED **11/10/09**

SEVERSON, Justice.

[¶1.]     Barbara Halbersma appeals the circuit court's property division decision on remand.  Lawrence Halbersma also raises three issues by notice of review.  We affirm in part, reverse in part, and remand.

## FACTS

[¶2.]     The underlying facts of this case are set forth in Halbersma v. Halbersma (*Halbersma I*), 2007 SD 91, 738 NW2d 545.  Lawrence and Barbara were married on October 15, 1955.  In 1986, Barbara inherited real and personal property from her mother, which, at the time of trial, was valued at approximately $1,799,779.00.  The bulk of the inheritance consisted of real property, including a residence located near Brandon, South Dakota.  After selling their farm near White, South Dakota, Barbara and Lawrence moved into the Brandon residence in 2003.  Barbara filed for divorce in 2005.

[¶3.]     The only contested issue in the divorce proceeding was the division of Barbara's inherited property.  The circuit court in *Halbersma I* found that Barbara's mother intended to pass the land and money to Barbara alone, that Barbara kept her inherited property and money separate from the marital estate, and that Lawrence had no control over the property and did not participate in any decisions regarding it.  The circuit court found Lawrence's contribution to the inherited property to be de minimis.  The circuit court also noted Lawrence had no need for support.  Accordingly, the inherited property was excluded from the marital estate.  Lawrence appealed.

[¶4.]     In *Halbersma I*, this Court, in a divided three to two opinion with one concurrence, reversed the circuit court's exclusion of the inherited property from the marital estate upon determining the court overlooked Lawrence's indirect contribution to the inherited property.  2007 SD 91, ¶16, 738 NW2d at 549.  The circuit court was ordered on remand "to determine an equitable division of property that includes Barbara's inherited property."  *Id.* ¶24.

[¶5.]     The remand hearing was held on September 3, 2008.  The circuit court determined the Brandon residence should be included in the division of property as it became marital property when the couple moved into it in 2003.  The circuit court awarded Lawrence one-half of the home's equity, $111,250.00, less the sum of $7,500.00 previously awarded for his contribution to the residence, for a net award of $103,750.00.  The circuit court excluded the remainder of Barbara's inheritance from the marital estate.  Furthermore, the circuit court, *sua sponte*, included in the marital estate monies Lawrence inherited in the early 1970s and 1980s.  These inheritances totaled approximately $50,000.00, which the circuit court determined had a present value of $143,670.00 after factoring in investment earnings, inflationary discounts, and taxes.  As a result, Barbara was ordered to pay Lawrence an additional $247,420.00, plus interest, at the rate of 5% per year from and after October 6, 2006.  Barbara appeals, raising three issues:

> 1. Whether the circuit court abused its discretion and erred in the application of law in its division of the parties' marital estate.
>
> 2. Whether, in the alternative, Lawrence's indirect contribution should have been determined by awarding Lawrence an appropriate share in the appreciation of value of Barbara's inherited properties.

3. Whether the circuit court erred by assessing Barbara interest during a period of delay caused by Lawrence and the court.

Lawrence filed a notice of review, identifying three issues:

1. Whether the circuit court abused its discretion by awarding Lawrence approximately 15% of the value of Barbara's previously excluded inherited assets and thereby awarding Barbara approximately 72% of the total assets and Lawrence approximately 28% of the total assets.

2. Whether the circuit court erred by utilizing a valuation methodology for determining the value of Lawrence's equitable interest in the previously excluded inherited assets, where such methodology was not advocated by either party, no evidence was offered to support the methodology, and which was different than the property stipulation of the parties that had been accepted by the circuit court.

3. Whether the circuit court erred by limiting the judgment interest awarded to Lawrence to 5%, rather than the Category B rate of interest specified in SDCL 64-3-5.1.

To prevent repetition, we combine and restate the issues.

### STANDARD OF REVIEW

[¶6.] The applicable standard of review varies depending on whether the issue is one of fact or one of law. A circuit court's findings of fact will not be set aside unless they are clearly erroneous. SDCL 15-6-52(a). The question is not whether this Court would have made the same findings the circuit court did, but whether on the entire evidence, "we are left with a definite and firm conviction that a mistake has been committed." New Era Mining Co. v. Dakota Placers, Inc., 1999 SD 153, ¶7, 603 NW2d 202, 204 (citations omitted). By contrast, conclusions of law are reviewed under a de novo standard, giving no deference to the circuit court's conclusions of law. *Id.*

[¶7.]    It is well established that a circuit court's division of property "is not bound by any mathematical formula." Johnson v. Johnson, 2007 SD 56, ¶44, 734 NW2d 801, 812 (quoting Grode v. Grode, 1996 SD 15, ¶9, 543 NW2d 795, 800). *See* Endres v. Endres, 532 NW2d 65, 71 (SD 1995); Kost v. Kost, 515 NW2d 209, 213 (SD 1994); Kappenmann v. Kappenmann, 479 NW2d 520, 524 (SD 1992); Hanson v. Hanson, 252 NW2d 907, 908 (SD 1977). We will not overturn a property division unless the circuit court abused its discretion, which occurs when a court exercises its discretion "to an end or purpose not justified by, and clearly against, reason and evidence." *Kost*, 515 NW2d at 212 (citation omitted). The inquiry is not whether we would have made a like ruling, but whether "a judicial mind, in view of the law and the circumstances of the particular case, could reasonably have reached such a conclusion." DeVries v. DeVries, 519 NW2d 73, 75 (SD 1994) (citation omitted). The law requires an *equitable*, not necessarily *equal*, division of assets. *Halbersma I*, 2007 SD 91, ¶28, 738 NW2d at 551 (Konenkamp, J., concurring).

## DECISION

[¶8.]    **1.    Whether the circuit court abused its discretion on remand in making an equitable division of property that included Barbara's inherited property.**

[¶9.]    South Dakota is an "all property state," meaning all property of the "divorcing parties is subject to equitable division by the circuit court, regardless of title or origin." *Endres*, 532 NW2d at 68 (quoting Radigan v. Radigan, 465 NW2d 483, 486 (SD 1991)). SDCL 25-4-44 provides:

> When a divorce is granted, the courts may make an equitable division of the property belonging to either or both, whether the title to such property is in the name of the husband or the wife.

> In making such division of the property, the court shall have regard for equity and the circumstances of the parties.

Other than the duty of support, a spouse does not have any vested rights in the property of his or her mate during the course of their marriage.[1] *See* SDCL 25-2-4; SDCL 25-7-1. Thus, spouses are entitled to maintain separate property and do with it as they see fit. *Id.*

[¶10.]    In arriving at an equitable division of property, a circuit court must classify property as "marital" or "non-marital." Midzak v. Midzak, 2005 SD 58, ¶¶22-24, 697 NW2d 733, 739-40. A circuit court has broad discretion in determining whether property is marital or non-marital. Heckenlaible v. Heckenlaible, 1996 SD 32, ¶8, 545 NW2d 481, 483 (citation omitted). The circuit court, however, is not to become entangled in the semantics of marital versus non-marital property. Billion v. Billion, 1996 SD 101, ¶21, 553 NW2d 226, 232.

[¶11.]    This Court has repeatedly identified certain factors for the circuit court to consider in dividing marital property. These factors also apply to the circuit court's determination whether to include inherited property in the marital estate. Novak v. Novak, 2006 SD 34, ¶4, 713 NW2d 551, 552 (citation omitted). These factors are:

> (1) the duration of the marriage; (2) the value of the property owned by the parties; (3) the ages of the parties; (4) the health of the parties; (5) the competency of the parties to earn a living; (6)

---

1.    SDCL 25-2-4 provides: "Neither husband nor wife has any interest in the property of the other, excepting their respective rights for support as specifically provided by law, and except that neither can be excluded from the other's dwelling." Also, SDCL 25-7-1 provides: "A person shall support himself or herself and his or her spouse out of his or her property or by his or her labor."

the contribution of each party to the accumulation of the property; and (7) the income-producing capacity of the parties' assets.

*Id.* *See* Hill v. Hill, 2009 SD 18, ¶18, 763 NW2d 818, 824; Terca v. Terca, 2008 SD 99, ¶20, 757 NW2d 319, 325; *Billion*, 1996 SD 101, ¶21, 553 NW2d at 232; Johnson v. Johnson, 471 NW2d 156, 159 (SD 1991); Ryken v. Ryken, 461 NW2d 122, 126 (SD 1990); Clement v. Clement, 292 NW2d 799, 801 (SD 1980).

[¶12.] Ultimately, the circuit court must make an equitable division of the property. "Inherited property is not ipso facto excluded from consideration in the overall division of the property." *Novak*, 2006 SD 34, ¶5, 713 NW2d at 553 (citation omitted). In evaluating the seven principal factors listed above, a circuit court may consider other evidence to determine whether inherited or gifted property should be excluded from the marital estate, including the origin and treatment of inherited or gifted property and the direct or indirect contributions of each party to the accumulation and maintenance of the property. *Terca*, 2008 SD 99, 757 NW2d 319; *Halbersma I*, 2007 SD 91, 738 NW2d 545; *Novak*, 2006 SD 34, 713 NW2d 551; *Heckenlaible*, 1996 SD 32, 545 NW2d 481; *Billion*, 1996 SD 101, 553 NW2d 226; Voelker v. Voelker, 520 NW2d 903 (SD 1994); Garnos v. Garnos, 376 NW2d 571 (SD 1985). "Only in the case where one spouse has made no or de minimus contributions to the acquisition or maintenance of an item of property and has no need for support, should a court set it aside as 'non-marital' property." *Billion*, 1996 SD 101, ¶21, 553 NW2d at 232.

[¶13.] In *Halbersma I*, this Court held the circuit court abused its discretion when it excluded Barbara's inherited property from the marital estate. 2007 SD 91,

¶22, 738 NW2d at 550-51. The majority of this Court reasoned that although Lawrence's direct contribution to the inherited property was limited, "his indirect contribution . . . is valuable and was overlooked [by the circuit court]." *Id*. ¶16. On remand, the circuit court was directed to determine an equitable division of the property in light of the value of Lawrence's contribution to the marital estate. *Id*. ¶24.

[¶14.] During the remand hearing, the circuit court stated:

> From my prospective, I made a finding that they both contributed equally to the contribution of the marital estate, 50/50.
>
> I don't think I need to translate that into a 50/50 on the inheritance by any means; and I don't think the Supreme Court is telling me that all of the inherited property has got to come into the marital estate at this point.
>
> From a procedural standpoint, my thinking is just coming up with what I think is an equitable amount that ought to be [Lawrence's] from just the inherited property and then take a look at the overall property division and make sure that the rest of it conforms to the factors that I've outlined[.]

The circuit court further elaborated in its memorandum opinion:

> The overwhelming majority of the income from the inherited property was always kept separate from the parties' family farming operation and was not used to pay marital debts or obligations. . . . [Lawrence] never managed any of the assets or operations related to the inherited property, never farmed the inherited property, or otherwise used the inherited real property as part of the family farm operation. . . . While the inherited farm property was never actively farmed by [Lawrence], he did reside in the Brandon farmhouse . . . in the period from 2002 to 2005. There is evidence that he did contribute to the value of this asset by performing various construction, repair and maintenance tasks. . . .

The circuit court determined Lawrence was entitled to one-half the equity in the Brandon residence, or a net value of $103,750.00.

[¶15.]        Barbara first argues the circuit court failed to consider all the property division factors in its remand memorandum opinion; therefore, she submits, the circuit court abused its discretion in the property division. In *Halbersma I,* this Court found error only with the circuit court's findings relating to the contribution of each party to the accumulation of Barbara's inherited property. 2007 SD 91, ¶17, 738 NW2d at 551. It follows that, on remand, the circuit court would focus on that factor with regard to the inherited property. Nevertheless, the circuit court did not wholly ignore the other factors. In the circuit court's memorandum opinion, which was incorporated into its findings of fact, conclusions of law, and order, the court stated, "I ratify and confirm the prior division and distribution of assets ordered by me except as modified herein or by agreement of the parties." In the initial decision, the circuit court entered specific findings for each of the seven factors. Any initial finding not modified on remand was adopted by the circuit court per its memorandum opinion. The circuit court sufficiently acknowledged, and presumably considered, the requisite factors in redistributing the marital estate on remand.

[¶16.]        Barbara and Lawrence each claim the circuit court abused its discretion in dividing the property and assert the resulting division was inequitable based on their respective circumstances. In particular, Barbara contends the circuit court erred by not excluding all the inherited property from the marital estate, by awarding Lawrence half the Brandon residence's value, and by awarding Lawrence an inequitable amount of the inherited property. Lawrence, on the other hand,

submits the circuit court erred by only awarding him 50% of the Brandon residence's value, instead of a larger percentage of Barbara's entire inheritance. We disagree with both contentions.

[¶17.] The circuit court, following the directive of *Halbersma I*, made an equitable division of the property in light of what it perceived to be the value of Lawrence's contributions to the inherited property. The circuit court excluded the remainder of Barbara's inheritance from the marital estate. We review such valuations under the clearly erroneous standard. *See Kost*, 515 NW2d at 212. Further, we will not overturn a property division unless the circuit court abused its discretion, which occurs when a court exercises its discretion "to an end or purpose not justified by, and clearly against, reason and evidence." *Id.* (citation omitted). We will not substitute our opinion for that of the circuit court.

[¶18.] We note this is a highly unusual case. *Halbersma I*, 2007 SD 91, ¶21, 738 NW2d at 550. The uniqueness arises, for the most part, from the length of the marriage. Throughout the marriage of nearly fifty years, Lawrence placed all the income from his work on the farm into the marital estate. He also contributed and commingled property he inherited into the marital estate. In a divided three to two opinion with one concurrence, this Court determined that in this situation, Lawrence indirectly contributed to Barbara's separate inherited property and his contribution was more than de minimus. *Id.* ¶17. On remand, the circuit court appropriately valued the contributions of both Barbara and Lawrence and entered new findings which we do not find to be clearly erroneous.

[¶19.]     We strive to clarify the continuing precedential value of *Halbersma I* and this case regarding indirect contributions. *Halbersma I* should not be viewed as directing circuit courts to include separately held inherited and gifted property in the marital estate in every instance where a party could be viewed as making some indirect contribution to the inherited or gifted property. This would be contrary not only to a spouse's statutory prerogative to maintain separate property, SDCL 25-2-4, but also this Court's repeated holdings that no one factor should be determinative in cases where the circuit court equitably divides property under SDCL 25-4-4. *See Terca*, 2008 SD 99, 757 NW2d 319; *Novak*, 2006 SD 34, 713 NW2d 551; *Billion*, 1996 SD 101, 553 NW2d 226. The majority of this Court in the split decision in *Halbersma I* merely held that in the specific factual situation in that case, involving a 50-year marriage where the husband placed all the income from his work on the farm into the marital estate and also contributed and commingled property he inherited into the marital estate, his indirect contribution to the inherited property was factually not de minimus. The circuit court must make an equitable division, which may or may not be an equal division, based on the evidence presented and applicable law. *Billion*, 1996 SD 101, ¶21, 553 NW2d at 232. The concurring opinion and two dissents in *Halbersma I* made this clear. On remand, the circuit court reviewed the facts and entered what it determined to be an equitable division of the property. It considered Lawrence's indirect contribution to the inherited property and, in that factual situation, included a portion of the inherited property in the marital estate to be divided.

[¶20.] Barbara alleges, in the alternative, that if the Brandon residence is to be included in the property division, the circuit court erred by including the entire value of the residence, rather than just its appreciation in value. It is well established that when the value of separately held property increases due to the joint efforts or contributions of the parties, the circuit court should make an equitable division of that increase. Bennett v. Bennett, 516 NW2d 672, 675 (SD 1994); Prentice v. Prentice, 322 NW2d 880, 882-83 (SD 1982). This Court has upheld the division of appreciation in value where the circuit court concluded "the increase in the value of [a parcel of premarital] land from the time of [the] marriage . . . was a marital asset." Pellegrin v. Pellegrin, 1998 SD 19, ¶17, 574 NW2d 644, 648. *See* Temple v. Temple, 365 NW2d 561, 567 (SD 1985). Yet, Barbara's argument must fail.

[¶21.] Barbara did not properly preserve the issue of division of the appreciation in value of the Brandon residence for our review. She did not raise the issue at the remand hearing. The failure to present an issue to the circuit court constitutes a bar to review on appeal. Nace v. Nace, 2008 SD 74, ¶12 n2, 754 NW2d 820, 824 n2; Sioux Falls Shopping News v. Dept. of Rev. and Reg., 2008 SD 34, ¶29, 749 NW2d 522, 528; State v. Olson-Lame, 2001 SD 51, ¶6, 624 NW2d 833, 834. A party must show the circuit court was given an opportunity to correct the grievance she now complains about on appeal. Schlumbohm v. City of Sioux Falls, 2001 SD 74, ¶22, 630 NW2d 93, 98 (citation omitted). Barbara did not provide the circuit court with that opportunity. Accordingly, this issue is waived.

[¶22.] Furthermore, there was not sufficient evidence on the record for the circuit court to consider the appreciation in value of the Brandon residence. A party "must affirmatively establish a record on appeal that shows the existence of an error." *Schlumbohm*, 2001 SD 74, ¶22, 630 NW2d at 98. In a proceeding to divide marital property, the parties must produce evidence as to the value of the property. *Kost*, 515 NW2d at 212. No evidence was offered regarding the value of the residence in 1986. Indeed, Barbara testified she did not know the value of the residence in 1986. The only evidence offered regarding the base value of the residence was the tax-assessed values of the inherited real estate in 1988. As a result, the circuit court did not enter or adopt findings on the issue of appreciation in value of the Brandon residence. We hold the circuit court did not err by failing to analyze an issue not presented to it and not supported by the evidence.

[¶23.] **2. Whether the circuit court erred in making a *sua sponte* inclusion of Lawrence's inherited property in the marital estate and in determining and awarding the value of his inherited property.**

[¶24.] On remand, the circuit court, *sua sponte*, indicated that it was going to include monies Lawrence inherited years earlier in the marital estate. Lawrence inherited approximately $38,000.00 in the 1970s and approximately $12,000.00 in the 1980s. No testimony was presented as to the exact amounts of these inheritances or the specific year in which they were received. Lawrence did testify, however, that he placed these monies in the marital banking account, and that they were spent on marital expenses. Lawrence did not keep the monies separate, as Barbara had done with her inheritance. Neither at the initial trial nor on remand did either party assert these monies should be considered an inherited asset

separate from the marital estate. Nonetheless, the circuit court extrapolated the value of these monies to determine their current value. The circuit court then added that value, $143,670.00, to the $103,750.00 relating to the Brandon residence for a total of $247,420.00. Barbara was ordered to pay Lawrence this amount.

[¶25.] Barbara asserts the extrapolation and ultimate payment of these monies from her inherited property is an abuse of discretion. We agree. Lawrence acknowledged these monies were placed in the marital banking account and spent during the marriage. By including these monies in the property division, the circuit court added an asset to the marital estate *sua sponte*, when this asset was never considered during the divorce trial. We find no precedent, nor have the parties identified any, affirming a circuit court's *sua sponte* addition of an asset to the marital estate, especially when such asset no longer separately exists and when there was no evidentiary basis for its inclusion.[2] The circuit court's *sua sponte* inclusion of Lawrence's inheritance was an abuse of discretion. We therefore reverse the circuit court's decision to separate Lawrence's commingled inherited property, but remand the issue of whether this exclusion alters the court's equitable division of the marital estate. We need not address Lawrence's argument that the extrapolation methodology employed by the circuit court was erroneous.

[¶26.] **3. Whether the circuit court erred by assessing judgment interest at 5% per year commencing October 6, 2006.**

---

2. Even if the circuit court's action was appropriate, the court failed to divide this asset equitably or, in the alternative, explain why Lawrence was awarded the entire asset.

[¶27.]     Barbara contends the circuit court erred by assessing her interest during a period of delay caused by Lawrence and the circuit court. In response, Lawrence asserts Barbara did not raise this issue to the circuit court, and therefore, failed to preserve it for review on appeal. Lawrence asserts the circuit court was correct in assessing interest beginning October 6, 2006. Lawrence claims by notice of review, however, that the circuit court erred by ordering judgment interest at only 5% per year, rather than 10% as specified in SDCL 54-3-16.

[¶28.]     We must first address whether Barbara properly preserved her issue for appeal. The circuit court issued its remand memorandum opinion on September 11, 2008, and ordered Lawrence's counsel to prepare an amended judgment and decree consistent with its opinion. The memorandum opinion was silent as to the assessment of judgment interest. The amended judgment and decree of divorce, which was filed on December 10, 2006, specified, in part: "The Plaintiff shall pay to Defendant interest at the rate of five percent (5%) per year on the sum of $247,420 from and after October 6, 2006." Barbara's counsel filed a proposed amended judgment and decree of divorce, providing in pertinent part, "That the [a]mended [j]udgment and [d]ecree shall be effective on the date it is signed and the Defendant is not entitled to post-judgment interest." The circuit court rejected Barbara's proposed amended judgment and decree of divorce on December 9, 2006. Barbara, however, never objected to the filed amended judgment and decree of divorce or otherwise asked the circuit court to reconsider its ruling. Therefore, the issue is whether filing a proposed amended judgment and decree of divorce was sufficient objection to preserve Barbara's issue for appeal.

[¶29.]    It is well established that "[w]e will not review a matter on appeal unless proper objection was made before the [circuit] court. Objections must be made to the [circuit] court to allow it to correct its mistakes." Rogen v. Monson, 2000 SD 51, ¶15 n2, 609 NW2d 456, 460 n2 (quoting Husky Spray Serv., Inc. v. Patzer, 471 NW2d 146, 153-54 (SD 1991) (additional citation omitted)). An objection must be sufficiently specific to put the circuit court on notice of the alleged error so it has the opportunity to correct it. *See id.* ¶15. Barbara did not file a motion to modify the judgment or an objection to the amended judgment and decree of divorce in the circuit court. Merely filing a proposed amended judgment and decree of divorce is not sufficient. Barbara's issue regarding judgment interest was not properly preserved for our review. Accordingly, it is waived.

[¶30.]    We turn to Lawrence's assertion of error regarding the circuit court's assessment of judgment interest at 5% per annum, rather than the 10% set forth in SDCL 54-3-16. Determinations relating to the assessment of an applicable statutory interest rate are questions of law, and therefore, are reviewed de novo by this Court. Fritzmeier v. Krause Gentle Corp., 2003 SD 112, ¶12, 669 NW2d 699, 703. SDCL 54-3-5.1 provides:

> Interest is payable on all judgments and statutory liens, exclusive of real estate mortgages and security agreements under Title 57A, and exclusive of support debts or judgments under § 25-7A-14, at the Category B rate of interest as established in § 54-3-16 from and after the date of judgment and date of filing statutory lien. . . .

The Category B rate of interest is currently 10% per year. SDCL 54-3-16.

[¶31.]    Our property division case law instructs, however, that circuit courts have some discretion in the rate at which interest is assessed. In *Lien v. Lien*, the

lower court ordered the husband to pay judgment interest at 6%, rather than the higher "going rate" of interest, which ranged from 8½% to 9¼% during the time of the divorce. 278 NW2d 436, 444 (SD 1979). Wife appealed, alleging, among other things, that the circuit court erred by not assessing the going rate of interest. This Court recognized:

> Each party is entitled to their respective property as of [the time of entry of judgment]. It follows as a necessary corollary that if for the convenience of the husband he is permitted to make a property division by paying his wife her share of the marital property in cash in installments that as a general rule any deferred payments should bear interest at the going rate; otherwise, the wife is not actually receiving the property division to which the court has determined she is entitled.

*Id.* However, there are exceptions to this rule. *Id.* "A trial judge could properly set an interest rate on deferred payment at a rate lower than the going rate *if the lower rate is an integral part of the overall plan for property division.*" *Id.* (emphasis added).

[¶32.] Here, there was no finding the lower interest rate of 5% was "an integral part of the overall plan for property division." *Id.* The circuit court's remand hearing findings of fact and conclusions of law merely provided in part: "that the additional sum awarded to [Lawrence] in the sum of $247,420 together with interest at the rate of five percent (5%) from and after October 6, 2006, shall be paid by [Barbara] to [Lawrence] in the form of cash or real estate." This Court, however, reverses the circuit court's *sua sponte* inclusion of Lawrence's inherited monies in the marital estate which provides the basis for the circuit court's order that Barbara pay Lawrence $247,420.00. The amount at issue is one-half the equity in the Brandon residence, or $103,750.00. We remand this portion of the decision to

the circuit court to either enter findings that the lower rate and dates for computing interest were an integral part of the overall plan for property division if that was its intent, or, in the alternative, to order the statutory rate of interest for the amount of $103,750 from the date of judgment.

[¶33.]    Affirmed in part, reversed in part, and remanded for further proceedings in accordance with this opinion.

[¶34.]    GILBERTSON, Chief Justice, and KONENKAMP, Justice, concur.

[¶35.]    ZINTER, Justice, concurs with a writing.

[¶36.]    MEIERHENRY, Justice, dissents.

ZINTER, Justice (concurring).

[¶37.]    Like Justice Meierhenry, I continue to believe that *Halbersma I* was wrongly decided. Nevertheless, because *Halbersma I* has not been reversed, it is the law of the case.[3] Therefore, we must now decide whether the circuit court erred in its decision on remand under the law of *Halbersma I*. Because I believe Justice Severson has correctly analyzed the circuit court's decision under the law of the case, I join the opinion of the Court.

MEIERHENRY, Justice (dissenting).

[¶38.]    I respectfully dissent. I believe this Court incorrectly decided *Halbersma I* for the reasons I originally stated in my dissent and those given separately by Justice Zinter. 2007 SD 91, ¶¶29-39, 738 NW2d at 551-52

---

3.    The parties in this appeal have not asked this Court to reverse *Halbersma I*.

(Meierhenry, J., and Zinter, J., dissenting). This Court should acknowledge that *Halbersma I* was incorrectly decided and vacate it. Once vacated, the circuit court's original decision should be affirmed.

[¶39.] The majority opinion attempts as best it can to make sense of this case in light of the legal misconstruction of *Halbersma I*. Nevertheless, no amount of parsing and pruning can make *Halbersma I* a correct application of our law.